BRIAN L. JOHNSRUD, State Bar No. 184474
PATRICK M. SHERMAN, State Bar No. 229959
CYNTHIA M. JARA, State Bar No. 212011
CURLEY, HURTGEN & JOHNSRUD LLP
4400 Bohannon Drive, Suite 230
Menlo Park, CA 94025
Telephone:   650.600.5300
Facsimile:    650.323.1002
E-mail:   bjohnsrud@chjllp.com
             psherman@chjllp.com
             cjara@chjllp.com

Attorneys for Defendants
SAP LABS, LLC, SAP AMERICA, INC.,
JEWELL PARKINSON and JENNY LE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>    Plaintiff,<br><br>  v.<br><br>SAP LABS, LLC, SAP AMERICA, INC. (erroneously sued as SAP Americas, LLC), JEWELL PARKINSON, AND JENNY LE,<br><br>    Defendants. | Case No. _____<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT Defendants SAP Labs, LLC ("SAP Labs"), SAP America, Inc. ("SAP America"), Jewell Parkinson ("Parkinson") and Jenny Le ("Le") submit this Notice of Removal, and, pursuant to 28 U.S.C. §1441, hereby remove to this Court the state action described below:

**NATURE OF ACTION**

1. On or about August 21, 2018, Plaintiff Muhammad Khan ("Plaintiff") filed a Complaint against SAP Labs, SAP America, Parkinson and Le attempting to plead claims for (1)

Hostile Work Environment; (2) Harassment; (3) Discrimination; (4) Maintaining Whistleblower Privacy; (5) FMLA/STD; (6) Retaliation; and (7) DFEH Violations. The Complaint was filed in Santa Clara County Superior Court, Case No. 18CV333969. A true and correct copy of Plaintiff's Complaint is attached as Exhibit A to the concurrently-filed Declaration of Brian L. Johnsrud ("Johnsrud Decl.").

2. Subsequently, Khan mailed the Complaint to several of the Defendants, accompanied by Notice and Acknowledgment forms. On November 15, 2018, counsel for Defendants signed a Notice and Acknowledgment form for each Defendant, copies of which are collectively attached as Exhibit D to the Johnsrud Declaration. Thus, per California Code of Civil Procedure §415.30(c), service became effective on November 15, 2018.

**REMOVAL IS TIMELY**

3. Defendants SAP Labs, SAP America, Parkinson and Le (collectively, the "Defendants") now file this Notice of Removal. This Notice of Removal is filed within thirty (30) days of the date that each of the Defendants were served with the Complaint and is therefore timely pursuant to 28 U.S.C. §1446(b).

**SUBJECT MATTER JURISDICTION**

4. This Court has original jurisdiction over Plaintiff's claim brought under the Family Medical Leave Act (29 U.S.C. 2601) as the claim raises federal questions under 28 U.S.C. §1331 (arising under the Constitution, laws or treaties of the United States). Per 28 U.S.C. §1441(a), a complaint may be removed to federal court under the original jurisdiction removal statute if it could have been brought there originally.

5. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367.

**DIVERSITY JURISDICTION**

6. This Court also has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1332. This entire action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. §1441(b) because: (1) there is complete diversity of citizenship between Plaintiff, on the one hand, and defendants SAP America, SAP Labs and Parkinson, on the other;

(2) defendant Le is a fraudulently-joined, sham defendant whose citizenship will not defeat removal on diversity grounds; and (3) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Plaintiff is a California citizen. "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residence is itself prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). As reflected by his address on the Complaint, Plaintiff currently resides in Soledad, California, as he is incarcerated at the Correctional Training Facility located at Soledad Prison Road, Soledad, California. (Complaint, Page 1; Johnsrud Decl. at ¶6 and Exhibit E thereto.) Plaintiff also indicates that, prior to his incarceration, he resided in Palo Alto, California. (Complaint at Page 3). While Plaintiff was employed in California by SAP Labs, California state taxes were deducted from Plaintiff's wages. (Declaration of Jewell Parkinson at ¶4 ["Parkinson Decl."]). Thus, at all relevant times, including the time this action was commenced, Plaintiff was a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a).

8. SAP America, a corporation, is not a California citizen. The citizenship of a corporation for purposes of diversity jurisdiction is governed by 28 U.S.C. § 1332(c)(1), which provides that a corporation is a citizen of both its state of incorporation and the state in which its principal place of business is located. At the time the Complaint was filed and presently, SAP America is a Delaware Corporation. SAP America's main office, as set forth in its articles of incorporation, is in Newtown Square, Pennsylvania. (Declaration of Elizabeth Heck ["Heck Decl."] at ¶4). Accordingly, for purposes of diversity jurisdiction, SAP America is a citizen of Delaware and Pennsylvania, but not California.

9. SAP Labs, a limited liability company, is not a California citizen. For purposes of diversity jurisdiction, an LLC is a citizen of every state of which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The sole member of SAP Labs is SAP America. (Heck Decl. at ¶5). As set forth above, for purposes of diversity jurisdiction, SAP America is a citizen of Delaware and Pennsylvania, but not California.

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

3

NOTICE OF REMOVAL OF ACTION
(CASE NO. _____)

Thus, for purposes of diversity jurisdiction, SAP Labs is a citizen of Delaware and Pennsylvania, but not California.

10. Parkinson is not a California citizen. Rather, she is a citizen of Pennsylvania. "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). Residence is itself prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Parkinson currently resides in Pennsylvania and resided in Pennsylvania throughout the duration of Plaintiff's employment with SAP Labs. (Parkinson Decl. at ¶ 3). Thus, at all relevant times, including the time this action was commenced, Parkinson was a citizen of the State of Pennsylvania within the meaning of 28 U.S.C. § 1332(a).

11. Le's citizenship is irrelevant for purposes of removal as she is a fraudulently-joined, sham defendant. *See United Comput. Sys. v. AT&T Corp.*, 298 F.3d 756, 762 ("Because [named defendant] was a fraudulently joined defendant, her citizenship is not relevant for purposes of diversity jurisdiction"); *see also Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (where a defendant's joinder is fraudulent, that "defendant's presence in the lawsuit is ignored for purposes of determining diversity"). Le is a fraudulently-joined, sham defendant because Plaintiff fails to state any cause of action against her. *See McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 ("Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent"). To determine whether a defendant is fraudulently joined, "the test is whether on the face of the removed complaint there is any possibility plaintiff could prevail." *Simpson v. Union Pac. R.R. Co.*, 282 F. Supp. 2d 1151, 1155.

12. While Plaintiff's Complaint is unclear, generously construing Plaintiff's Complaint, Plaintiff may be attempting to plead the following claims against Le:

   A. Maintaining Whistleblower Privacy/Violation of Privacy;
   B. Hostile Work Environment;
   C. Negligence; and
   D. Whistleblower Retaliation.

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

4

NOTICE OF REMOVAL OF ACTION
(CASE NO. _____)

However, each of these claims necessarily fails as to Le.

**Maintaining Whistleblower Privacy/Violation of Privacy:**

13. Plaintiff's claim for Maintaining Whistleblower Privacy fails as to Le for a number of reasons. First, California law does not recognize any whistleblower's privilege or afford special privacy rights to whistleblowers. *See Gonzalez v. Superior Court* (1995) 33 Cal. App. 4th 1539, 1547-1548 ("[There is no such thing as a 'whistleblower's privilege.' When confidentiality is provided to a whistleblower, it is not on the basis of a privacy privilege....").

14. To the extent that Plaintiff is attempting to plead the tort of Invasion of Privacy against Le, the claim necessarily fails because it is time-barred. Plaintiff pleads that the allegedly wrongful conduct took place "throughout 2015." (Complaint at Page 5). However, the statute of limitations for a claim of invasion of privacy is two years. *See, e.g., Mitchell v. Regional Service Corp.*, 2014 WL12607809 at *3 (N.D. Cal. April 23, 2014) (holding that a claim for Invasion of Privacy must be brought within two years). Thus, Plaintiff was required to bring his claim against Le by no later than the close of 2017. As he did not do so until August of 2018, the claim is obviously untimely and thus Le is a sham defendant. *See, Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319-1320 (9th Cir. 1998) (finding removal proper because non-diverse defendants were sham defendants since the claim against them was time-barred).

15. Further, even if the claim were not time barred (which it is), the claim nevertheless fails against Le. The only alleged invasion of privacy is that "Defendants violated [Plaintiff's] privacy in complaining by informing alleged harassers," However an "[i]nvasion of a privacy interest is not a violation of the state constitutional right to privacy if the invasion is justified by a competing interest." *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 38 (1994). Here, not only did Defendants have an interest in investigating workplace harassment and discrimination (which might entail advising the alleged harassers of the accusations and interviewing them), employers have a duty to do so. *See, e.g., Swenson v. Potter*, 271 F.3d 1184, 1192 (notice of "harassing conduct triggers an employer's duty to take prompt corrective action that is 'reasonably calculated to end the harassment'" and part of the employer's duty is to take remedial steps "once it has completed its investigation"). Nor does Plaintiff give any indication as to why

he has sued Le, whose name is not mentioned once in the body of the claim, for this tort. Accordingly, Le is a sham defendant on this claim.

**Hostile Work Environment:**

16.    Plaintiff cannot state a claim for Hostile Work Environment as to Le. As a prerequisite to bringing this claim, Plaintiff was required to exhaust administrative remedies. Plaintiff failed to do so as to Le. His charge names SAP Labs as the sole respondent. (Exhibits A and B to Request for Judicial Notice). Thus, Plaintiff's claim for Hostile Work Environment must be dismissed as to Le. *See, e.g., Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1249 (court dismissed FEHA harassment claims, including a claim for Hostile Work Environment, as to individual defendants not named in the plaintiff's charge, noting that "[e]xhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts, not a matter of judicial discretion.")

17.    The claim also fails as to Le because it is untimely. Per California Government Code §12960(d), the statute of limitations for filing a charge of discrimination or retaliation with the DFEH is one year. Plaintiff's charge states that the "most recent harm occurred on or about December 01, 2015." Thus, he had until December 1, 2016 to file his charge. However, he did not file the charge until months later – March 5, 2017. (Exhibit A to Request for Judicial Notice). Thus, the charge was untimely. Furthermore, as the DFEH issued its Right to Sue Notice to Plaintiff on July 24, 2017 (Exhibit B to Request for Judicial Notice), Plaintiff had until July 24, 2018 to file suit. He failed to meet this deadline, filing about a month later. Thus, the claim is time-barred and should be dismissed. *Dornell v. City of San Mateo,* 19 F. Supp. 3d 900, 908.

18.    Additionally, the claim against Le necessarily fails because the conduct Plaintiff complains about is not actionable. "Harassment is not conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job." *Janken v. GM Hughes Elecs.,* 46 Cal. App. 4th 55, 63 (1996). "Instead, harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Id.* Here, Plaintiff's sole complaint is that Defendants continued "to have [Plaintiff] work." A request that

an employee work falls within the scope of necessary job performance, and no nefarious motives are alleged or even suggested as to Le.

19. Finally, like Plaintiff's other claims, the claim is vague and conclusory, and does not identify any conduct allegedly committed by Le, personally.

**Negligence:**

20. Plaintiff also cannot state a claim for Negligence against Le. Per California Labor Code §3601, workers' compensation is "the exclusive remedy for injury or death of an employee against any other employee of the employer acting within the scope of his or her employment." "To prevent employees from circumventing the exclusivity rule by bringing lawsuits for work-related injuries against coemployees, who in turn would seek indemnity from their employers, the Legislature in 1959 provided immunity to coemployees." *Torres v. Parkhouse Tire Service, Inc.*, 26 Cal. 4th 995, 1002 (2001). "In other words, the purpose of the exclusivity rule would be defeated if employees could bring actions against fellow employees acting in the scope of employment such that the fellow employees' negligence could be imputed to their employers." *Torres,* 26 Cal. 4th at 1002 citing *Saala v. McFarland*, 63 Cal. 2d 124, 130 (1965). "Therefore, workers' compensation was also made the exclusive remedy against fellow employees acting within the scope of employment....For conduct committed within the scope of employment, employees, like their employers, should not be held subject to suit." *Torres,* 26 Cal. 4th at 1002 (emphasis added).

21. The well-settled law in California is "that workers' compensation insurance coverage is presumed where the plaintiff alleges facts establishing an employment relationship and work-related injury, but must be pleaded and proved by the defendant where the complaint does not allege an employment relationship and work-related injury." *Gibbs v. American Airlines, Inc.*, 74 Cal. App. 4th 1, 11 (1999) ("American Airlines was not required to prove what Gibbs admitted in her complaint."); *see also, Arriaga v. County of Alameda*, 9 Cal. 4th 1055, 1060 (1995) (where the complaint alleges facts indicating that the workers' compensation act applies, the plaintiff must establish an exception). Here, the only act of negligence Plaintiff pleads pertains to alleged improper treatment at the workplace. Specifically, he states that

"Defendants were negligent in fairly and promptly dealing with [Plaintiff's] complaints." (Complaint at Page 5). Accordingly, Plaintiff's Negligence claim against Le is preempted.

22. The Negligence claim also fails because Plaintiff has not alleged the requisite elements of such a claim against Le. "The elements of a cause of action for negligence are well established. They are (a) a legal duty to use due care; (b) a breach of such legal duty; and (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. County of San Mateo* 12 Cal. 4th 913, 917 (1996). Plaintiff does not allege that Le owed him a legal duty of care and there is no reason to believe that Le ever owed him any duty of care.

**Whistleblower Retaliation:**

23. As a matter of law, a claim for Whistleblower Retaliation does not lie against an individual defendant. *See Unites States Ex. Rel. Lupo v. Quality Assurance Servs., Inc.*, 242 F. Supp. 3d 1020, 1030. Likewise, a nonemployer individual cannot be liable for retaliation under FEHA. *See, e.g., Hermosillo v. State Ctr. Cmty. Coll. Dist.*, 2015 WL1530475 at *2 (E.D. Cal. April 2, 2015). Therefore, Plaintiff cannot state this claim as to Le and she is a sham defendant.

24. Further, as with Plaintiff's Hostile Work Environment claim, his Retaliation claim fails as to Le because he has not exhausted administrative remedies, his charge is untimely, and his Complaint is untimely.

25. For all of these reasons, Le is a fraudulently-joined, sham defendant and her citizenship is not relevant to determining diversity jurisdiction.

26. Plaintiff has not sued any Doe defendants. However, even if he had, the inclusion of such defendants has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(b) ("[f]or purposes of removal under this Chapter, the citizenship of defendants sued under a fictitious name shall be disregarded"); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

**AMOUNT IN CONTROVERSY**

27. Under 28 U.S.C. § 1332(a), diversity jurisdiction exists "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs." The Complaint does not specify the amount of damages sought other than indicating that damages are in "excess of

$50,000." (Complaint at Page 2). Under these circumstances, Defendants merely need to prove the amount by a preponderance of the evidence. *See Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006), *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). In the removal context, the preponderance-of-evidence standard is not difficult to meet. *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-1205 (E.D. Cal. 2008) ("Said burden is not 'daunting' as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claim for damages"). Defendants need only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum. *Sanchez*, 102 F.3d at 404.

28. The Court can reasonably ascertain from Plaintiff's Complaint and his prayer for relief that the amount in controversy exceeds $75,000 exclusive of interest and costs, on the following grounds:

    a. Plaintiff's claims include, among others, "Hostile Work Environment," "Harassment," "Discrimination," and "DFEH Violations." Such claims routinely satisfy the amount in controversy requirement. *See Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034-35 (C.D. Cal. 2002) (finding jurisdictional minimum of $75,000 clearly satisfied in employment discrimination case where employee sought, among other damages, lost wages, punitive damages and emotional distress damages); *Celestino v. Renal Advantage Inc.*, 2007 WL 1223699 at *3-4 (N.D. Cal. Apr. 24, 2007) (jurisdictional minimum met where Plaintiff claimed damages including loss of income and benefits, emotional distress and punitive damages).

    b. Plaintiff alleges, among other things, that he "suffered panic attacks and severe emotional distress"; that he has "developed stress, anxiety, and depression"; and that his "health and wellness suffered." (Complaint, Page 9). An award of damages for emotional distress alone can reasonably be anticipated to be far in excess of the jurisdictional minimum. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034 (C.D. Cal. 2002) (citing case in which an award for pain and suffering in an employment discrimination case totaled $3.5 million, and recognizing that "emotional distress damages in a successful employment discrimination case may be substantial").

NOTICE OF REMOVAL OF ACTION
(CASE NO. _____)

c. Further, Plaintiff alleges that, due to one or more of the Defendants, he was prevented from finding other employment. Thus, Plaintiff is also presumably claiming lost wages as an element of damages.

d. Finally, statistics from Jury Verdict Research's "Employment Practice Liability: Jury Award Trends and Statistics," based on state and federal verdicts in cases alleging discrimination, retaliation, wrongful termination, violation of whistleblower laws, and family and medical leave issues, further confirm that the amount in controversy exceeds $75,000, exclusive of interest and costs. (Johnsrud Decl. ¶¶ 7-14, and Exhibits F-L thereto).

**REMOVAL IS OTHERWISE PROPER**

29. Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because this district includes the county in which the removed action has been pending.

30. All Defendants in this action have consented to removal and hereby remove the action.

31. Defendants will promptly serve Plaintiff with this Notice of Removal and file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required by 28 U.S.C. § 1446(d).

**PRAYER**

WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth in 28 U.S.C. §1446, Defendants pray that the above-captioned action in the Superior Court of the State of California in and for the County of Santa Clara be removed to this Court.

Dated: December 12, 2018

CURLEY, HURTGEN & JOHNSRUD LLP

By _____
BRIAN L. JOHNSRUD
Attorneys for Defendants
SAP LABS, LLC, SAP AMERICA, INC., JEWELL PARKINSON and JENNY LE