**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SAP LABS, LLC, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-07490-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND; TERMINATING AS MOOT DEFENDANTS' MOTION TO DISMISS THE COMPLAINT; DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL; AND ADVISING THAT PLAINTIFF'S MOTION TO REMAND WILL BE DECIDED ON THE PAPERS UPON THE COMPLETION OF BRIEFING**<br><br>[Re: ECF 7, 34, 35, 37] |

Plaintiff Muhammad Khan ("Khan") is a former employee of Defendant SAP Labs, LLC ("SAP Labs"). In September 2017, Khan was convicted of setting fire to the residence of his SAP Labs manager. Khan currently is serving a 9-year term of imprisonment for that crime.

On August 21, 2018, while incarcerated, Khan filed this lawsuit against SAP Labs and others, alleging employment discrimination, hostile work environment, retaliation for whistleblowing, and related claims. The complaint was filed in the Santa Clara County Superior Court, and subsequently removed to federal district court by Defendants.

This order addresses four pending motions: (1) Defendants' motion to dismiss the complaint (ECF 7); (2) Khan's motion for leave to file an amended complaint (ECF 35); (3) Khan's motion for appointment of counsel (ECF 34); and (4) Khan's motion to remand (ECF 37). The May 16, 2019 hearing on all four motions was vacated by Court orders issued April 23, 2019 and April 26, 2019.

Khan's Motion for Leave to Amend (ECF 35)

On April 23, 2019, Khan filed a motion for leave to file an amended complaint. He submitted a proposed amended pleading as required by the Court's Civil Local Rules. On April 29, 2019, Defendants filed a statement of non-opposition to Khan's motion to leave to amend. In light of Defendants' non-opposition, and applying the liberal standards for amendment under Federal Rule of Civil Procedure 15, Khan's motion for leave to amend is GRANTED. The Clerk shall file Khan's proposed pleading (ECF 36-2) as a separate docket entry titled "First Amended Complaint." Defendants shall file a response to the First Amended Complaint within twenty-one days after the date of this order.

Defendants' Motion to Dismiss (ECF 7)

On December 19, 2018, Defendants filed a motion to dismiss the original complaint under Federal Rule of Civil Procedure 12(b)(6). That motion is TERMINATED AS MOOT in light of the Court's order permitting Khan to file an amended pleading.

Khan's Motion for Appointment of Counsel (ECF 34)

On April 23, 2019, Khan filed a motion for appointment of counsel. "Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id*. In making a determination whether exceptional circumstances exist, the court must consider both the ability of the plaintiff to articulate his claims pro se and the plaintiff's likelihood of success on the merits. *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*.

Plaintiff has submitted a proposed forty-five page first amended complaint, supported by an additional forty pages of exhibits. He sets forth the facts that he believes are relevant, followed by twelve separately labeled claims for: (1) sexual harassment in violation of the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 et seq.; (2) sexual orientation discrimination in violation of FEHA; (3) race discrimination in violation of FEHA; (4) race harassment in violation of FEHA; (5) mental disability discrimination in violation of FEHA; (6) failure to prevent discrimination, harassment, and retaliation in violation of FEHA;

(7) wrongful constructive termination in violation of public policy; (8) violation of California Labor Code § 1102.5; (9) common law invasion of privacy; (10) violation of the California Constitution, Art. 1, § 1; (11) intentional infliction of emotional distress; and (12) retaliation in violation of FEHA. Because Khan is able to articulate his claims adequately while proceeding pro se, this consideration weighs against a finding of exceptional circumstances. Moreover, Khan has not demonstrated that he is likely to succeed on the merits of his claims. Defendants raised a number of grounds for dismissal with respect to the original complaint which appear equally applicable to the first amended complaint.

Accordingly, Khan's motion for appointment of counsel is DENIED.

Motion to Remand (ECF 37)

On April 25, 2019, Khan filed a motion to remand the action to the Santa Clara County Superior Court. The deadlines for opposition and reply have not yet elapsed, so the motion is not yet ripe for disposition. Pursuant to the Court's prior order vacating the hearing, the motion to remand will be decided on the papers upon the completion of briefing.

**IT IS SO ORDERED.**

Dated: May 1, 2019

BETH LABSON FREEMAN
United States District Judge