1    BRIAN L. JOHNSRUD, State Bar No. 184474
     PATRICK M. SHERMAN, State Bar No. 229959
2    CYNTHIA M. JARA, State Bar No. 212011
     CURLEY, HURTGEN & JOHNSRUD LLP
3    4400 Bohannon Drive, Suite 230
     Menlo Park, CA 94025
4    Telephone:   650.600.5300
     Facsimile:   650.323.1002
5    E-mail:  bjohnsrud@chjllp.com
              psherman@chjllp.com
6              cjara@chjllp.com

7    Attorneys for Defendants
     SAP LABS, LLC, JENNY LE and SANJAY
8    SHIROLE

9
                    UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11

12
     MUHAMMAD KHAN,                          Case No. 5:18-CV-07490-BLF
13
                        Plaintiff,
14                                           **DEFENDANTS' NOTICE OF MOTION
            v.                               AND MOTION TO DISMISS;
15                                           MEMORANDUM OF POINTS AND
     SAP LABS, LLC; JENNY LE; SANJAY         AUTHORITIES IN SUPPORT THEREOF**
16   SHIROLE; and DOES 1-30;
                                             DATE: September 5, 2019 [RESERVED]
17                      Defendants.          TIME: 9:00 a.m.
                                             JUDGE: The Honorable Beth Labson Freeman
18                                           COURTROOM: 5

19
            **TO THIS HONORABLE COURT AND TO PLAINTIFF MUHAMMAD KHAN:**
20
            PLEASE TAKE NOTICE that on September 5, 2019, at 9:00 a.m., or as soon thereafter as
21
     the matter can be heard, in Courtroom 5 of the United States District Court for the Northern
22
     District of California, located at 280 South 1st Street, San Jose, California 95113, Defendants
23
     SAP Labs, LLC, Jenny Le and Sanjay Shirole (collectively, the "Defendants") will move the
24
     Court, and hereby do move the Court, for an order dismissing Plaintiff Muhammad Khan's
25
     Amended Complaint in this action under Federal Rule of Civil Procedure 12(b)(6).  Defendants'
26
     Motion is based on the following grounds:
27
            1.  Plaintiff's cause of action for Sexual Harassment In Violation Of FEHA (Hostile
28

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

1                      DEFENDANTS' MOTION TO DISMISS
                       (CASE NO. 5:18-CV-07490-BLF)

Work Environment) fails to state a claim upon which relief can be granted because Plaintiff has failed to exhaust his administrative remedies, the claim is time-barred, and Plaintiff has not pled the requisite elements.

2.  Plaintiff's cause of action for Discrimination on the Basis of Sexual Orientation in Violation of FEHA fails to state a claim upon which relief can be granted because Plaintiff has failed to exhaust his administrative remedies, the claim is time-barred, Plaintiff has not pled the requisite elements, and, as to the individual defendants, no claim for discrimination can be asserted against them as a matter of law.

3.  Plaintiff's cause of action for Discrimination on the Basis of Race, National Origin, and/or Color in Violation of FEHA fails to state a claim upon which relief can be granted because Plaintiff has failed to exhaust his administrative remedies, the claim is time-barred, Plaintiff has not pled the requisite elements, and, as to the individual defendants, no claim for discrimination can be asserted against them as a matter of law.

4.  Plaintiff's cause of action for Harassment on the Basis of Race, National Origin and/or Color in Violation of FEHA fails to state a claim upon which relief can be granted because Plaintiff has failed to exhaust his administrative remedies, the claim is time-barred, and Plaintiff has not pled the requisite elements.

5.  Plaintiff's cause of action for Discrimination on the Basis of Physical Disability, Mental Disability and/or Medical Condition in Violation of FEHA fails to state a claim upon which relief can be granted because the claim is time-barred, Plaintiff has not pled the requisite elements and, as to the individual defendants, Plaintiff has failed to exhaust his administrative remedies.

6.  Plaintiff's cause of action for Failure to Prevent Discrimination and Harassment in Violation of FEHA fails to state a claim upon which relief can be granted because Plaintiff has failed to exhaust his administrative remedies, the claim is time-barred, and Plaintiff has not pled the requisite elements.

7.  Plaintiff's cause of action for Wrongful Constructive Termination in Violation of

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

2

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 5:18-CV-07490-BLF)

1    Public Policy fails to state a claim upon which relief can be granted because it is time-

2    barred and Plaintiff has failed to plead the requisite elements.

3    8.  Plaintiff's cause of action for Violation of Labor Code §1102.5 fails to state a claim

4        upon which relief can be granted because the claim is time-barred, and Plaintiff has

5        not pled the requisite elements.

6    9.  Plaintiff's causes of action for Common Law Invasion of Privacy and Violation of

7        California Constitution, Act 1 §1 Right to Privacy fail to state claims upon which

8        relief can be granted because the claims are time-barred, barred by the workers'

9        compensation exclusivity rule, and Plaintiff has not pled the requisite elements.

10   10. Plaintiff's cause of action for Intentional Infliction of Emotional Distress fails to state

11       a claim upon which relief can be granted because the claim is time-barred, the claim is

12       barred by the workers' compensation exclusivity rule, and Plaintiff has not pled the

13       requisite elements.

14   11. Plaintiff's cause of action for Retaliation for Engaging in Protected Activity fails to

15       state a claim upon which relief can be granted because Plaintiff has failed to exhaust

16       his administrative remedies, the claim is time-barred, and Plaintiff has not pled the

17       requisite elements.

18       This Motion is based on this Notice of Motion and Motion, the attached Memorandum of

19   Points and Authorities, the concurrently-filed Request for Judicial Notice, all pleadings, papers

20   and records on file in this action, deemed to be on file, or of which this Court may take judicial

21   notice as of the time the Motion is heard, and upon such further oral argument and documentary

22   evidence as may be presented at the time of hearing.

23   Dated: May 22, 2019                          CURLEY, HURTGEN & JOHNSRUD LLP

24

25                                               By____/s/ Brian L. Johnsrud_____
                                                    BRIAN L. JOHNSRUD
26                                                  Attorneys for Defendants
                                                    SAP LABS, LLC, JENNY LE and
27                                                  SANJAY SHIROLE

28

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

3

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 5:18-CV-07490-BLF)

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ..................................................................................... 1

II. STATEMENT OF THE ISSUES TO BE DECIDED ................................ 2

III. FACTUAL AND PROCEDURAL BACKGROUND ................................ 2

    A. Facts Alleged By Plaintiff And Facts Of Which The Court May Take Judicial Notice ............................................................................................... 2

    B. History Of This Dispute And Procedural Background ............................ 4

IV. LEGAL ARGUMENT ............................................................................. 5

    A. Standard Of Review ............................................................................. 5

    B. Plaintiff Has Failed To State Any Claim Upon Which Relief Can Be Granted ...... 6

        1. Plaintiff's Sexual Harassment/Hostile Work Environment Claim (The First Cause of Action) Fails ..................................... 6

            a. Plaintiff Has Failed To Exhaust Administrative Remedies ............ 6

            b. Plaintiff's Claim Is Time-Barred ...................................... 7

            c. Plaintiff Has Not Pled The Requisite Elements Of His Claim......... 7

        2. Plaintiff's Claim For Discrimination On The Basis Of Sexual Orientation (The Second Cause of Action) Fails ......................... 8

            a. Plaintiff Has Failed To Exhaust Administrative Remedies ............ 8

            b. Plaintiff's Claim Is Time-Barred ...................................... 8

            c. The Claim Fails As To Le And Shirole Because Individuals Are Not Liable For Discrimination As A Matter Of Law............... 9

            d. Plaintiff Has Not Pled The Requisite Elements Of His Claim......... 9

        3. Plaintiff's Claims For Race/National Origin/Color Discrimination And Harassment (The Third And Fourth Causes Of Action) Fail. ............ 11

        4. Plaintiff's Claim For Discrimination On The Basis Of Disability (The Fifth Cause Of Action) Fails. ....................................... 11

        5. Plaintiff's Claim For Retaliation (The Twelfth Cause Of Action) Fails.... 13

        6. Plaintiff's Claim For Failure To Prevent Discrimination, Harassment And Retaliation (The Sixth Cause Of Action) Fails ................. 14

        7. Plaintiff's Claim For Wrongful Constructive Termination In Violation Of Public Policy (The Seventh Cause Of Action) Fails......................... 15

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

i

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

# TABLE OF CONTENTS
## (cont'd).

Page No.

|  |  |  |  |  |
|---|---|---|---|---|
| | | a. | The Claim Is Time-Barred | 15 |
| | | b. | Plaintiff Fails To And Cannot Plead The Elements Of His Claim | 15 |
| | 8. | | Plaintiff's Claim For Violation Of Labor Code §1102.5 (The Eighth Cause Of Action) Fails | 16 |
| | | a. | The Claim Is Time-Barred | 16 |
| | | b. | Plaintiff Has Not Pled The Requisite Elements Of His Claim | 16 |
| | 9. | | Plaintiff's Claims For Invasion Of Privacy (The Ninth And Tenth Claims) Fail | 17 |
| | | a. | Plaintiff Fails To Plead The Elements Of His Claims | 17 |
| | | b. | Plaintiff's Claim Is Preempted By Workers' Compensation Exclusivity | 18 |
| | | c. | Plaintiff's Claim Is Time-Barred | 20 |
| | 10. | | Plaintiff's IIED Claim (The Eleventh Cause Of Action) Fails | 20 |
| C. | | | Further Leave To Amend Should Be Denied | 22 |
| V. | CONCLUSION | | | 22 |

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

ii

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

# TABLE OF AUTHORITIES

**Page No(s).**

**Cases**

*Abdul-Haqq v. Kaiser Foundation Hospitals*
2015 WL 335863 (N.D. Cal., 2015) ....................................................... 8

*Achal v. Gate Gourmet, Inc.*
114 F.Supp.3d 781 (N.D. Cal. 2015) .................................................... 6

*Arriaga v. County of Alameda*
9 Cal. 4th 1055 (1995) ........................................................................ 21

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ........................................................................ 5, 7

*Ayala v. Frito Lay, Inc*
263 F.Supp.3d 891 (E.D. Cal. 2017) ............................................ 9, 15, 16

*Barry v. Wells Fargo Home Mortg.*
2016 WL 4242237 (N.D. Cal. Aug. 11, 2016) ..................................... 17

*Baughman v. State of California*
38 Cal. App. 4th 182 (1995) ............................................................... 18

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ...................................................................... 5, 18

*Bowen v. M. Caratan, Inc.*
142 F. Supp. 3d 1007 (E.D. Cal. 2015) .............................................. 17

*Brooks v. City of San Mateo*
229 F.3d 917 (9th Cir. 2000) ............................................................... 8

*Centner v. Stout*
268 Fed.Appx. 590 (2008) ................................................................ 13

*Cole v. Fair Oaks Fire Protection Dist.*
43 Cal. 3d 148 (1987) ................................................................... 19, 21

*Cruz v. Nationwide Reconveyance, LLC*
2016 WL 127585 (S.D. Cal. Jan. 11, 2016) ........................................ 18

*Dickson v. Burke Williams, Inc.*
234 Cal. App. 4th 1307 (2015) .......................................................... 14

*Estrada v. Wal-Mart Stores, Inc.*
2016 WL 5846977 (N.D. Cal. Oct. 6, 2016) ........................................ 21

*Etter v. Veriflo Corp.*
67 Cal.App.4th 457 (1998) .................................................................. 7

Curley, Hurtgen &
Johnsrud LLP
Counselors At Law
Menlo Park

iii

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

# TABLE OF AUTHORITIES
### (cont'd)

**Page No(s).**

*Gibbs v. American Airlines, Inc.*
74 Cal. App. 4th 1 (1999) ................................................................... 21

*Guyton v. Novo Nordisk, Inc.*
151 F.Supp.3d 1057 (C.D. Cal. 2015) ................................................. 9

*Hall v. Goodwill Indus. Of S. California*
193 Cal.App.4th 718 (2011) ............................................................ 7, 8

*Heath v. AT & T Corp.*
2005 WL 2206498 (N.D. Cal. Sept. 12, 2005) ................................. 15

*In Re Rubber Chemicals Antitrust Litigation*
504 F.Supp.2d 777 (N.D. Cal. 2007) ................................................ 22

*Janken v. GM Hughes Elecs.*
46 Cal. App. 4th 55 (1996) .................................................... 9, 11, 12

*King v. AC & R Advertising*
65 F.3d 764 (9th Cir. 1995)............................................................... 10

*Lee v. City of Los Angeles*
250 F.3d 668 (9th Cir. 2001)............................................................... 5

*Med. Bd. of California v. Chiarottino*
225 Cal. App. 4th 623 (2014) ...................................................... 17, 18

*Migdal v. Rowe Price-Fleming Int'l Inc.*
248 F3d 321 (4th Cir. 2001)................................................................ 5

*Miller v. National Broadcasting Co.*
187 Cal.App.3d 1463 (1986)............................................................. 19

*Minor v. Fedex Office & Print Services, Inc.*
182 F.Supp.3d 966 (N.D. Cal. 2016) .................................................. 6

*Morgan v. Davidson*
29 Cal. App. 5th 540 (2018) ............................................................. 20

*Okorie v. Los Angeles Unified School Sch. Dist.*
14 Cal. App. 5th 574 (2017) ............................................................. 14

*Operating Engineers Local 3 v. Johnson*
110 Cal.App.4th 180 (2003) ............................................................. 19

*Pickern v. Pier 1 Imports (U.S.), Inc.*
457 F.3d 963 (2006)............................................................................ 5

*Robinson v. HD Supply, Inc.*
2012 WL 3962502  (E.D. Cal. Sept. 10, 2012) ................................. 15

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

iv

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

## TABLE OF AUTHORITIES
### (cont'd)

**Page No(s).**

*Rodriguez v. John Muir Medical Center*
 2010 WL 1002641 (N.D. Cal., March 18, 2010) .......................................................... 12

*Saala v. McFarland*
 63 Cal. 2d 124 (1965) ............................................................................................ 21

*Silvas v. E\*Trade Mortg. Corp.*
 421 F.Supp.2d 1315 (S.D.Cal. 2006) ..................................................................... 5

*Sprewell v. Golden State Warriors*
 266 F.3d 979 (9th Cir. 2001) .................................................................................. 5

*Tomco v. Prada USA Corp.*
 484 Fed. Appx. 99 (9th Cir. 2012) ......................................................................... 15

*Torres v. Parkhouse Tire Service, Inc.*
 26 Cal. 4th 995 (2001) .................................................................................... 21, 22

*Torres v. Unum Life Ins. Co. of America*
 2009 WL69358 (N.D. Cal. Jan. 9, 2009) ............................................................... 20

*Turner v. Anheuser-Busch, Inc.*
 32 Cal. Rptr. 2d 223 (1994) .................................................................................. 10

*Washington v. California City Corr. Center*
 2012 WL 1910099 (E.D. Cal. May 25, 2012) ......................................................... 14

*Washington v. California City Corr. Center*
 871 F.Supp.2d 1010 (E.D. Cal. 2012) .................................................................... 13

*Washington v. Lowe's HIW Inc.*
 75 F.Supp.3d 1240 (2014) ..................................................................................... 6

*Washington v. Lowe's HIW Inc.*, 75 F Supp.3d 1240 (2014) ........................................ 6

*Williams v. Boeing Co.*
 517 F.3d 1120 (9th Cir. 2008) ............................................................................... 16

*Williams v. Lorenz*
 2018 WL5816180 (N.D. Cal. Nov. 5, 2018) ............................................................. 9

*Wills v. Superior Court*
 195 Cal. App. 4th 143 (2011) ................................................................................. 12

*Yau v. Santa Margarita Ford, Inc.*
 229 Cal.App.4th 144 (2014) ........................................................................... 19, 21

*Yurick v. Superior Court*
 209 Cal.App.3d 1116 (1989) .................................................................................. 7

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

v

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

# TABLE OF AUTHORITIES
**(cont'd)**

**Page No(s).**

**Statutes**

Cal. Code Civ. Proc. § 335.1................................................................................... 15, 20

Cal. Govt. Code §12960(d) ........................................................................................ 7, 11

Cal. Labor Code §1102.5 ................................................................................................ 16

Cal. Labor Code §3601 .................................................................................................. 18

**Rules**

Fed. R. Civ. P. 8 ............................................................................................................... 5

Fed. R. Civ. P. 8(a) ......................................................................................................... 5

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

vi

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff Muhammad Khan ("Plaintiff" or "Khan") is a former SAP Labs, LLC ("SAP Labs") employee.  He began working for SAP Labs in 2013, and resigned on December 1, 2015, claiming that his manager, defendant Sanjay Shirole ("Shirole"), mistreated him.  Khan complains that, among other things, Shirole abused him by assigning work to Khan, telling Khan he needed to lose weight and giving Khan rides home from work.

Following his resignation, in 2016, Khan was arrested (and later convicted) because he set fire to Shirole's home (while Shirole and his family were asleep in it).  Following his arrest, in March of 2017 (more than one year after he resigned from SAP Labs), Khan filed an administrative charge against SAP Labs with the Department of Fair Employment and Housing (DFEH), alleging that SAP Labs discriminated or retaliated against him due to his purported disability and related leave.  Khan received his right to sue letter on July 24, 2017.  Yet, he waited more than a year before instituting this action on August 21, 2018.

Khan now sues SAP Labs, Shirole and Jenny Le ("Le").  Le is a former SAP Labs HR representative with whom Khan interacted while at SAP Labs.  He asserts that SAP Labs, Shirole and Le (collectively, the "Defendants") have violated various provisions of the FEHA.  However, all of Khan's FEHA claims fail because he did not exhaust his administrative remedies and the claims are time-barred.  Khan also sues SAP Labs for Wrongful Constructive Termination In Violation Of Public Policy.  However, this claim is fatally flawed because it is time-barred and because Khan was not terminated, constructively or otherwise.  Khan also attempts to plead a claim for Violation Of Labor Code §1102.5, however, this claim, too, is untimely, and Khan has failed to plead the requisite elements.  Khan's claims for invasion of privacy and IIED fare no better.  They are also time-barred and are barred by the workers' compensation exclusivity rule.  Further, Khan has not pled (and cannot plead) the requisite elements.

The defects from which Khan's claims suffer are not curable.  Khan has already been afforded an opportunity to amend his complaint and yet, as the court noted, the amended complaint suffers from many of the same defects that were present in Khan's initial complaint

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

1

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

and identified in defendants' prior Motion to Dismiss.  (ECF 40 at Page 3, lines 6-8).  As such, allowing Khan to amend his claims yet again would be futile.  The Court should therefore grant this Motion in its entirely, dismissing all of Khan's claims without leave to amend.

## II.      STATEMENT OF THE ISSUES TO BE DECIDED

The following issues are raised by this Motion:

1.   Whether Khan has failed to exhaust administrative remedies as to all Defendants for the following claims: sexual harassment/hostile work environment; sex discrimination; race/national origin/color discrimination; harassment based on race/national origin/color; and failure to prevent discrimination and harassment.

2.   Whether Khan has failed to exhaust administrative remedies as to Le and Shirole for his claim of discrimination on the basis of disability.

3.   Whether Khan's claims, and each of them, is time-barred.

4.   Whether Khan's claims for violation of privacy and intentional infliction of emotional distress are barred by workers' compensation exclusivity.

5.   Whether Khan has failed to plead facts sufficient to state his causes of action.

6.   Whether Khan should be denied further leave to amend his claims.

## III.     FACTUAL AND PROCEDURAL BACKGROUND

### A.      Facts Alleged By Plaintiff And Facts Of Which The Court May Take Judicial Notice.

Khan began working for SAP Labs in 2013.  (Amended Complaint ["AC"] at ¶9).  In April or May of 2014, Shirole became his manager.  Khan claims that Shirole began abusing Khan.  (AC at ¶11 i.).  Khan alleges that Shirole: tasked Khan with work assigned to Shirole; gave Khan rides from work to home; wanted to know where Khan was during non-working hours; told Khan that Khan needed to lose weight and otherwise made fun of Khan for being overweight; insinuated that Khan was homosexual; tore up some name tags that Khan had prepared; called Khan a fool; got upset when Khan was offered another job and told Khan that Khan should not leave SAP Labs; and had Khan do research for Shirole on car parts.  (AC at ¶11).  Khan also alleges that two female interns told him that Shirole made them feel

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

2

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

1   uncomfortable and harassed them, though he does not specify how or otherwise plead facts

2   supporting this allegation.  (AC ¶11 q.).

3       Khan alleges that he reported to Shirole that another employee pushed Khan but Shirole

4   failed to report this to the proper authorities within SAP Labs.  (AC at ¶11 y.)  Yet, in the next

5   paragraph, Khan alleges that around this same time, an SAP Labs HR representative called Khan

6   to ask him if he wanted to report anything or discuss any incident.  Khan told the HR

7   representative that he did not.  (AC at ¶11 z.).

8       Khan complains that another manager at SAP Labs offered Khan a fellowship on her

9   team, based in D.C.  However, this manager later told Khan that Shirole would not allow Khan to

10  take the fellowship.  (AC at ¶16).

11      In May of 2015, Shirole gave Khan an "expectations memo," indicating that Khan's job

12  performance was lacking.  (AC at ¶17; Exhibit 11 to AC).  Khan alleges that he then became

13  depressed and that his doctor prescribed medication.  Khan alleges that he took time off from

14  work to deal with his symptoms but that "[unspecified] defendants retaliated and harassed Khan

15  for taking time off."  (AC at ¶18).  Around this same time, Khan alleges that he complained to

16  HR and Le was assigned to "handle" his complaint.  (AC at ¶19).

17      In November of 2015, Khan says that he learned that he "had been replaced by a white

18  male."  (AC at ¶20).  Shortly thereafter, on "December 1, 2015, not able to stand another day of

19  working for Shirole and SAP, Khan emailed relevant HR parties and coworkers.  In his email,

20  Khan told the recipients that he felt compelled to leave…"  (AC at ¶22).  Khan claims that in

21  December 2015, his "employment with defendants was constructively terminated."  (AC at ¶33).

22      Khan alleges that the next month, "[a]round January of 2016, Khan was arrested for an

23  alleged matter unrelated to SAP."  (AC at ¶24 a.).  But while it is true that Khan was arrested, it is

24  false that the arrest was for a matter "unrelated to SAP."  In fact, Khan set fire to Shirole's

25  residence while Shirole and his family were asleep in it and was thus arrested for, and later

26  convicted of, arson of an inhabited structure.  (Exhibit A to Request for Judicial Notice ["RJN"]).

27  Khan alleges that in "July of 2016, Khan learned that [a law firm] was hired by SAP to help the

28  District Attorney prosecute Khan."  (AC at ¶24 b.).

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

3                    DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

Khan alleges that around "January of 2018, Khan learned that SAP had acquired Khan's private medical records." (AC at ¶24 c.). However, he does not identify the records at issue or support this allegation with any facts, such as how SAP Labs purportedly acquired the records or from whom. Khan then cites to Exhibit 10 of his Amended Complaint to support his allegation that unspecified "Defendants" disclosed his medical records to a "private practice psychiatrist." (AC at ¶24 a.). However, Exhibit 10, which is not dated, does not refer to any of the Defendants or suggest that they disclosed Khan's medical records to anyone. (Exhibit 10 to AC).

### B.    History Of This Dispute And Procedural Background.

In March 2017, over one year after his separation from SAP Labs, Khan filed a DFEH charge naming SAP Labs as the sole Respondent. In the charge, Khan alleges that he "was subjected to Discrimination, Retaliation by respondent, SAP LABS LLC" due to purported "Disability [physical or mental], Family Care or Medical Leave." (Exhibit B to RJN). Khan states: "I believe I was terminated on the basis of my disability and in retaliation for taking California Family Rights Act Leave. From June 1, 2015 to December 1, 2015, my physician place [sic] me on leave due to my disability. On December 1, 2015, Jenny Lee [sic], Human Resources told me I was being terminated due to recent events." (Exhibit B to RJN).

On July 24, 2017, the DFEH issued a right-to-sue letter to Khan. Again, SAP Labs was the only identified Respondent. (Exhibit C to RJN). Khan then waited over one year, until August 21, 2018, to file a complaint with the Superior Court. (Exhibit D to RJN).

The defendants that Khan sued in his initial complaint removed the action to this Court, and filed a Motion to Dismiss. Thereafter, in an attempt to destroy this Court's jurisdiction and address the numerous deficiencies in his initial complaint that were identified in the Motion to Dismiss, Khan amended his complaint. The Amended Complaint differs from Khan's initial complaint in several significant respects. First, Khan dismissed former defendants SAP America, Inc. and Jewell Parkinson. Second, Khan added Shirole as a defendant. Third, Khan added causes of action and theories of liability not previously asserted. Specifically, Khan's Amended Complaint contains claims for Invasion of Privacy based on SAP Labs' alleged unlawful acquisition and disclosure of his medical records. (9th and 10th Causes of Action asserted in the

AC).  Khan also added a claim for Violation of Labor Code §1102.5, asserting that unspecified defendants took an adverse employment action against him by terminating his employment.  (AC at ¶79).  However, Khan's Amended Complaint suffers from many of the same defects as his original complaint.  These defects are not curable.  Thus, Defendants now move to dismiss all causes of action in Khan's Amended Complaint.

## IV.     LEGAL ARGUMENT

### A.     Standard Of Review.

Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  While Rule 8 does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion to dismiss under 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Because Rule 12(b)(6) focuses on the sufficiency of a claim rather than the claim's substantive merits, as a general rule "the court may not consider any materials beyond the pleadings in ruling on a 12(b)(6) motion."  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (overruled on other grounds).  However, a court may take judicial notice of matters of public record.  *Id.* at 688-89.  And, while the Court must assume the complaint's factual allegations are true, "legal conclusions need not be taken as true merely because they are cast in the form of factual allegations."  *Silvas v. E*Trade Mortg. Corp.*, 421 F.Supp.2d 1315, 1317 (S.D. Cal. 2006).  "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

These rules exist to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Pickern v. Pier 1 Imports (U.S.), Inc.,* 457 F.3d 963, 968 (2006).  The pleading requirements also exist "to prevent costly discovery on claims with no underlying factual or legal basis."  *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 328 (4th Cir. 2001) ("plaintiff

Curley, Hurtgen &
Johnsrud LLP
Counselors At Law
Menlo Park

5

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

1   cannot simply promise the court that once they have completed discovery, something will turn

2   up.").

3          **B.**      **Plaintiff Has Failed To State Any Claim Upon Which Relief Can Be Granted.**

4              **1.**      **Plaintiff's Sexual Harassment/Hostile Work Environment Claim (The First Cause of Action) Fails.**

5                   **a.**      **Plaintiff Has Failed To Exhaust Administrative Remedies.**

6

7          "Under California law, an employee must exhaust the 'administrative remedy' provided

8   by FEHA, by filing an administrative complaint with the DFEH and obtaining a right to sue letter

9   from the DFEH." *Achal v. Gate Gourmet, Inc.,* 114 F.Supp.3d 781, 793 (N.D. Cal. 2015). More

10   particularly, a plaintiff must exhaust administrative remedies as to hostile work environment and

11   harassment claims. *See, e.g., Washington v. Lowe's HIW Inc.*, 75 F Supp.3d 1240, 1249-1250

12   (2014) (noting that "[e]xhaustion of administrative remedies is a jurisdictional prerequisite to

13   resort to the courts, not a matter of judicial discretion" and dismissing claims for harassment and

14   hostile work environment against certain defendants because plaintiff failed to exhaust her

15   administrative remedies as to them). A plaintiff who "fails to allege that he exhausted his

16   administrative remedies" fails to state a claim under FEHA. *Minor v. Fedex Office & Print*

17   *Services, Inc.,* 182 F.Supp.3d 966, 983 (N.D. Cal. 2016).

18          Khan's administrative charge named only SAP Labs as a respondent. Thus, as to Le and

19   Shirole, Plaintiff has failed to exhaust administrative remedies and therefore does not and cannot

20   state a claim for harassment or hostile work environment against them. *Washington v. Lowe's*

21   *HIW Inc.*, 75 F.Supp.3d 1240, 1249-1250 (2014). The Court should therefore dismiss the claim

22   as to these defendants without leave to amend.

23          The Court should also dismiss the claim as to SAP Labs because Plaintiff's DFEH charge

24   does not mention sexual harassment or allege a hostile work environment based on sex or sexual

25   orientation. Rather, the charge is limited to alleged "Discrimination, Retaliation" due to disability

26   and/or taking of leave. Specifically, Plaintiff's charge states: "I believe I was terminated on the

27   basis of my disability and in retaliation for taking California Family Rights Act Leave." (Exhibit

28   B to RJN). Thus, Plaintiff failed to exhaust administrative remedies for his sex harassment/

1  hostile work environment claim against SAP Labs as well.  *See, e.g., Yurick v. Superior Court,*

2  209 Cal.App.3d 1116, 1123 (1989) (holding that a charge of discrimination [based on gender] did

3  not encompass a claim for harassment [based on age] and therefore granting defendant's

4  summary adjudication motion as to the harassment claim).  The Court should therefore dismiss

5  the first cause of action without leave to amend  as to all Defendants.

6                           **b.       Plaintiff's Claim Is Time-Barred.**

7          Even if Plaintiff had exhausted his administrative remedies (which he did not), the claim

8  nevertheless fails because it is time-barred.  Khan alleges that the wrongful conduct took place

9  during his employment with SAP Labs, and also that his employment ended on December 1,

10  2015.  Per California Government Code §12960(d), Khan thus had until December 1, 2016 to file

11  his charge.  He failed to do so, waiting until March  2017 to file.  Accordingly, his charge was

12  untimely and should be dismissed without leave to amend.

13          Further, Khan's Right to Sue Notice is dated July 24, 2017.  (Exhibit C to RJN).  Thus,

14  Khan had one year from this date – or until July 24, 2018 – to file his suit.  *See Hall v. Goodwill*

15  *Indus. Of S. California*, 193 Cal.App.4th 718, 730 (2011) (holding that FEHA's one-year

16  limitations period began to run as of the date that the Right to Sue Notice was issued).  As Khan

17  did not file suit until August 21, 2018, his claims are therefore time-barred and should be

18  dismissed without leave to amend.

19                           **c.       Plaintiff Has Not Pled The Requisite Elements Of His Claim.**

20          Further, even if Khan's harassment claim is not barred for the reasons discussed above, he

21  has failed to plead the requisite elements of his claim.  The elements of a claim for hostile work

22  environment sexual harassment under FEHA are: "(1) plaintiff belongs to a protected group; (2)

23  plaintiff was subject to unwelcome sexual harassment; (3) the harassment complained of was

24  based on sex; (4) the harassment complained of was sufficiently pervasive so as to alter the

25  conditions of employment and create an abusive working environment; and (5) respondeat

26  superior."  *Fisher v. San Pedro Peninsula Hospital,*  214 Cal.App.3d 590, 608 (1989).  The

27  elements for hostile work environment harassment based on race are substantially identical.  *Etter*

28  *v. Veriflo Corp.*, 67 Cal.App.4th 457, 464-465 (1998).

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

Khan has failed to plead the requisite elements of a hostile work environment claim. Much of the conduct he complains about (e.g., comments about Khan's weight, Shirole calling him a fool, Shirole tearing up name tags) is unrelated to his sex, sexual orientation or any other protected characteristic.  (AC at ¶11).  Further, Khan does not plead that any alleged harassing conduct was severe or pervasive, or otherwise altered the conditions of his employment.  Thus, his claim should be dismissed.  *Brooks v. City of San Mateo,* 229 F.3d 917, 923 (9th Cir. 2000).

### 2.   Plaintiff's Claim For Discrimination On The Basis Of Sexual Orientation (The Second Cause of Action) Fails.

#### a.   Plaintiff Has Failed To Exhaust Administrative Remedies.

Plaintiff's Second Cause of Action for sex discrimination fails as to all Defendants for a number of reasons.  First, Khan has not exhausted his administrative remedies as to any defendant.  The administrative charge names SAP Labs as the sole  respondent, and alleges only discrimination on the basis of a purported disability and taking leave.  Thus, the second cause of action fails and should be dismissed without leave to amend.  *See, e.g., Abdul-Haqq v. Kaiser Foundation Hospitals*, No. C 14–4140 PJH, 2015 WL 335863, at *1 (N.D. Cal., 2015) (dismissing claims for race and disability discrimination as Plaintiff had not demonstrated that she exhausted her administrative remedies).

#### b.   Plaintiff's Claim Is Time-Barred.

As with Khan's other FEHA claims, this claim is also time-barred.  Plaintiff had one year from the alleged discriminatory conduct to file an administrative charge.  As he concedes that his employment with SAP Labs ended on December 1, 2015, he had until December 1, 2016, to file his charge.  He failed to do so, waiting until March 2017 to file.  Thus, his charge was untimely and the claim should be dismissed without leave to amend.

Further, Khan's Right to Sue Notice is dated July 24, 2017.  (Exhibit C to RJN).  Thus, Khan had one year from that date – or until July 24, 2018 – to file his suit.  *See Hall*, 193 Cal.App.4th at  730.  As Khan did not file suit until August 21, 2018, his claim is time-barred and should be dismissed without leave to amend.

### c.     The Claim Fails As To Le And Shirole Because Individuals Are Not Liable For Discrimination As A Matter Of Law.

Additionally, Khan's discrimination claim fails as to Le and Shirole as it is well-settled that individuals are not liable for discrimination under FEHA as a matter of law.  *See, e.g, Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 80 (1996) (concluding that only employers, and not employees, are liable for discrimination); *see also Williams v. Lorenz,* 2018 WL5816180 (N.D. Cal. Nov. 5, 2018) at *2 (noting that the California Supreme Court has held that only employers, and not individual supervisors, may be held liable for discrimination).  Therefore, for this additional reason, Khan cannot state a claim for discrimination against Le or Shirole and the claim should be dismissed as to these defendants without leave to amend.

### d.     Plaintiff Has Not Pled The Requisite Elements Of His Claim.

Further, even if Khan's discrimination claim is not barred for the reasons discussed above, he has failed to allege the requisite elements of his claim.  "To state a prima facie case of discrimination under the FEHA, a plaintiff must allege and ultimately show that: (i) [he or] she was a member of a protected class; (ii) [he or] she was qualified for the position she sought or was performing competently in the position she held; (iii) [he or] she suffered an adverse employment action; and (iv) the employer acted with discriminatory motive."  *Ayala v. Frito Lay, Inc.* 263 F.Supp.3d 891, 905 (E.D. Cal. 2017).  Khan has failed to, and cannot, plead these elements.

First, Khan does not plead that he was performing competently in the position he held.  To the contrary, he acknowledges that he received an "expectations memo."  (AC at ¶17; Exhibit 11 to AC).  Additionally, Khan has failed to plead that he suffered any adverse employment action.  "To qualify as adverse employment action sufficient to support a FEHA claim, an employer's action must result in a material change in the terms of employment, impair the employment in some cognizable manner, or show some other employment injury."  *Guyton v. Novo Nordisk, Inc.,* 151 F.Supp.3d 1057, 1073 (C.D. Cal. 2015).  With regard to adverse employment actions, Khan pleads that defendants decided "not to retain, hire or otherwise employ plaintiff in any position and/or to take other adverse employment action, including employment termination."

(AC at ¶39).  However, this allegation is nonsensical because Khan concedes that SAP Labs hired him, employed him for years and that Khan chose to resign his position.  Specifically, Khan alleges that "[o]n December 1, 2015, not able to stand another day of working for Shirole and SAP, Khan emailed relevant HR parties and coworkers. . . . that he felt compelled to leave…" (AC at ¶22).  "  (AC at ¶22 a.).

Conceding that SAP Labs did not actually terminate him, Khan  contends that SAP Labs constructively terminated him.  (AC at Page 1, lines 6-10).  However, this contention fails as a matter of law.  To establish a claim of constructive discharge, Khan "must prove that: (1) his working conditions at the time of his resignation were so intolerable or aggravated that (2) a reasonable person in [his] position would have been compelled to resign, and that (3) [the employer] either intentionally or knowingly permitted the intolerable working conditions." *King v. AC & R Advertising,* 65 F.3d 764, 767 (9th Cir. 1995).  "In order to amount to a constructive discharge, adverse working conditions  must be unusually aggravated or amount to a continuous pattern before the situation will be deemed intolerable." *Id.* (Citing *Turner v. Anheuser-Busch, Inc.,* 32 Cal. Rptr. 2d 223, 227 (1994) and affirming summary judgment in favor of the employer where the employee predicated his discrimination claim on alleged constructive discharge).

Here, Khan's allegations do not amount to unusually aggravated working conditions or a continuous pattern.  Rather, the majority of the actions about which Khan complains, such as Shirole giving him a ride home or telling Khan he should not leave SAP Labs, are not even offensive, much less actionable.  (AC at ¶11). Further, Khan concedes that around March  2015, HR contacted him to ask if he wanted to make any report and he declined.  Not only does this evidence that Khan did not think he had cause to complain, it evidences that SAP Labs did not intentionally or knowingly permit intolerable working conditions.  Accordingly, Khan was not constructively terminated, suffered no adverse employment action at the hands of SAP Labs, and has therefore failed to state a claim for discrimination.  For this additional reason, his discrimination  claim should be dismissed.

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

10

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

3.      **Plaintiff's Claims For Race/National Origin/Color Discrimination And Harassment (The Third And Fourth Causes Of Action) Fail.**

Khan's claims for discrimination and harassment based on his race, national origin and/or color fail for the same reasons as his FEHA sexual harassment and sexual orientation discrimination claims and should be dismissed without leave to amend.

First, Khan has failed to exhaust his administrative as to these claims because his administrative charge was against SAP Labs only and was limited to purported discrimination or retaliation based on disability. Thus, he has not exhausted administrative remedies as to any party for claims pertaining to his race, national origin and/or color.

Second, these claims are time-barred. Khan's DFEH charge (limited as it was) was not filed until March 2017, well after the one-year deadline for filing under California Government Code §12960(d). And, although Khan received a right-to-sue letter on July 24, 2017, he did not sue until August 21, 2018, after the one-year statute of limitations.

Third, Khan's discrimination claim fails as to both Le and Shirole as a matter of law because individuals cannot be liable for discrimination. *See, e.g, Janken*, 46 Cal. App. 4th at 80.

Fourth, for the same reasons set forth in Sections B(1)(c) and B(2)(d) above, Khan has failed to plead the requisite elements of the claim. Khan has not pled that he was competently performing in his role. He has also failed to plead any facts, as opposed to conclusory statements, suggesting that his race, national origin or color factored into any aspect of his employment relationship with SAP Labs, much less pled facts suggesting that he suffered any adverse employment action due to his race, national origin or color. Additionally, Khan has not pled that he suffered any adverse employment action. He concedes that SAP Labs hired him and retained him for years, and did not actually terminate him. And, though he claims that he was constructively terminated, Khan fails to plead any facts supporting this conclusory assertion. Thus, Khan's claims fail.

4.      **Plaintiff's Claim For Discrimination On The Basis Of Disability (The Fifth Cause Of Action) Fails.**

Khan's claim for disability discrimination fails for substantially the same reasons as his

1   other FEHA discrimination claims.  As to Le and Shirole, Khan has failed to exhaust

2   administrative remedy as  his charge was brought against SAP Labs alone.  Further, individuals

3   are not liable for discrimination as a matter of law.  *See, e.g, Janken*, 46 Cal. App. 4th at 80.

4   Thus, this claim necessarily fails as to both Le and Shirole and should be dismissed without leave

5   to amend as to these defendants.

6         Khan's claim also fails as to SAP Labs because the charge was untimely since it was filed

7   more than one  year after Khan's separation from SAP Labs.  Further, Khan waited more than one

8   year after his right-to-sue letter was issued to file suit.  Thus, the claim is time-barred as to all

9   Defendants and should be dismissed without leave to amend.

10        Additionally, Khan has failed to plead the requisite elements of his claim.  "On a disability

11  discrimination claim, the prima facie case requires the plaintiff to show he or she (1) suffered

12  from a disability or was regarded as suffering from a disability; (2) could perform the essential

13  duties of the job with or without a reasonable accommodation, and (3) was subjected to an

14  adverse employment action because of the disability or perceived disability."  *Wills v. Superior*

15  *Court,* 195 Cal. App. 4th 143, 159-160 (2011).  Khan has failed to adequately plead these

16  elements.

17        In a conclusory fashion, Khan alleges that he became depressed and that his doctor gave

18  him an anti-depressant.  (AC at ¶18).  However, he fails to plead any facts regarding the severity

19  or duration of his depression, much less facts suggesting that his depression was debilitating.

20  Further, Khan fails to plead that he was a qualified individual who could perform the essential

21  functions of his job with or without an accommodation.  Instead, he concedes that he was given

22  an "expectations memo," which suggests that his performance was lacking.  Given Khan's failure

23  to plead these requisite elements, the claim should be dismissed.  *See Rodriguez v. John Muir*

24  *Medical Center*, 09-0731 CW, 2010 WL 1002641 (N.D. Cal., March 18, 2010) (dismissing

25  FEHA disability claim for failure to plead facts illuminating on nature of disability or limitations,

26  that plaintiff was a qualified individual, that the employer knew of plaintiff's alleged disability or

27  any alleged medical restrictions).

28        Additionally, the claim should be dismissed because Khan has failed to allege any adverse

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

12

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

1   employment action due to his purported disability.  As noted above, Khan concedes that SAP

2   Labs hired and retained him, and that it did not actually terminate him.  Further, while Khan

3   claims that he was constructively discharged, he fails to allege facts to support this conclusory

4   assertion.  Accordingly, Khan has failed to state a claim for disability discrimination and his

5   claim should be dismissed.

6           **5.      Plaintiff's Claim For Retaliation (The Twelfth Cause Of Action) Fails.**

7           Khan's retaliation claim, which is brought against SAP Labs only, fails for many of the

8   same reasons as his other FEHA claims.  Like Khan's other FEHA claims, his retaliation claim

9   fails as to SAP Labs because Khan failed to exhaust his administrative remedies.  Khan's charge

10  was limited to alleged "Discrimination, Retaliation" "due to one or more Fair Employment and

11  Housing Act protected bases: Disability [physical or mental], Family Care or Medical Leave."

12  (Exhibit B to RJN).  However, in his Amended Complaint, the basis for Khan's retaliation claim

13  is entirely different; Khan pleads that he suffered retaliation because he complained to

14  defendants.  (AC at ¶110).  Thus, Khan has not exhausted administrative remedies for the claim

15  pled in his Amended Complaint, and it must be dismissed.  *Centner v. Stout,* 268 Fed.Appx. 590,

16  592 (2008) (FEHA retaliation claim properly dismissed where plaintiff failed to exhaust

17  administrative remedy as to it).

18          Khan's retaliation claim also fails on the grounds that it is untimely.  Plaintiff waited well

19  over one year after his December 1, 2015 separation to file his DFEH charge in March 2017.  He

20  then waited more than one  year after his right-to-sue letter was issued on July 24, 2017 to file

21  suit on August 21, 2018.  Thus, the claim is time-barred and should be dismissed without leave to

22  amend.

23          Additionally, Khan has also failed to plead the requisite elements of the claim.  To plead a

24  FEHA retaliation claim, Khan must allege: 1) that he engaged in protected activity; 2) retaliatory

25  animus on the part of the employer; 3) an adverse employment action; 4) a causal link between

26  the retaliatory animus and the adverse employment action; 5) damages; and 6) causation.  *See*

27  *Washington v. California City Corr. Center,* 871 F.Supp.2d 1010, 1027 (E.D. Cal. 2012).

28          As discussed above, Khan has failed to plead any adverse employment action.  SAP Labs

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

13

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

1    undeniably hired him and retained him for a period of years, and  Khan's constructive termination

2    claim is unsupported by any factual allegations.

3         Further, Khan fails to plead any facts suggesting a causal link between any purported

4    protected activity and any alleged adverse employment action.  Notably absent is any allegation

5    that the person(s) who supposedly caused him to resign was even aware of his alleged complaints.

6    Thus, the claim fails for this additional reason as well and should be dismissed.

7              **6.      Plaintiff's Claim For Failure To Prevent Discrimination, Harassment
                         And Retaliation (The Sixth Cause Of Action) Fails.**

8

9         Khan's claim for failure to prevent discrimination, harassment or retaliation (which is also

10   alleged against SAP Labs only) is a "derivative claim" that Khan cannot maintain unless there

11   was actionable discrimination, harassment or retaliation.  *Okorie v. Los Angeles Unified School*

12   *Sch. Dist.*, 14 Cal. App. 5th 574, 597 (2017); *see also Dickson v. Burke Williams, Inc.,* 234 Cal.

13   App. 4th 1307, 1314 (2015) (Plaintiff argued that in order to state a claim for failure to prevent

14   harassment, the harassment need not be actionable harassment but the Court of Appeal disagreed

15   and affirmed the trial court's judgment in favor of the defendant).  Here, for the reasons discussed

16   above, Khan's claims for discrimination, harassment and retaliation all necessarily fail.  Thus, his

17   claim for failure to prevent discrimination, harassment and retaliation also necessarily fails and

18   should be dismissed without leave to amend.

19        This claim fails on the additional grounds that it is time-barred as neither Khan's

20   administrative charge nor his complaint were filed within the time prescribed by law.  *See*

21   *Washington v. California City Corr. Center,* No. 1:10-cv-02031-AWI-JLT, 2012 WL 1910099 at

22   *2 (E.D. Cal. May 25, 2012) (applying FEHA's 1-year statute of limitations to a claim for failure

23   to prevent discrimination).

24        Further, the claim fails because Khan failed to exhaust his administrative remedies.

25   Khan's DFEH charge does not state or even suggest that he reported any discrimination,

26   harassment or retaliation to SAP Labs or that SAP Labs failed to prevent such conduct.  (Exhibit

27   B to RJN).  As such, the charge is not reasonably related to the conduct at issue in Khan's DFEH

28   charge and  should be dismissed.  *See Robinson v. HD Supply, Inc.,* No. 2:12-CV-00604-GEB-

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

14

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

CKD, 2012 WL 3962502 at *4 (E.D. Cal. Sept. 10, 2012) (plaintiff's administrative charge did not allege that the plaintiff had reported alleged mistreatment to the employer and thus the court found that the plaintiff had not "demonstrated that his failure to prevent discrimination claim is reasonably related to the conduct identified in the administrative charge" and dismissed the failure to prevent discrimination claim with prejudice).

Finally, Khan has failed to plead the requisite elements of the claim.  "To state a prima facie case of failure to prevent discrimination or harassment, a plaintiff must allege and show that (i) plaintiff was subjected to discrimination, harassment or retaliation, (ii) which defendant failed to take all reasonable steps to prevent, and (iii) which caused plaintiff harm."  *Ayala v. Frito Lay, Inc.,* 263 F.Supp.3d 891, 905 (E.D. Cal. 2017).  As discussed above, Plaintiff has failed to adequately plead his claims for discrimination, harassment or retaliation.  Thus, for this additional reason, Khan has failed to state a claim and this cause of action should be dismissed.

### 7.    Plaintiff's Claim For Wrongful Constructive Termination In Violation Of Public Policy (The Seventh Cause Of Action) Fails.

#### a.    The Claim Is Time-Barred.

A claim for wrongful termination in violation of public policy is subject to a two-year statute of limitations.  California Code of Civil Procedure §335.1; *Heath v. AT & T Corp.*, No. C-05-0719 VRW, 2005 WL 2206498 at *6 (N.D. Cal. Sept. 12, 2005).  As Khan's employment with SAP Labs ended on December 1, 2015, Khan thus had until December 1, 2017 to bring this claim. However, he failed to do so.  Khan  did not initiate this action until August 21, 2018, and waited until April 2019 to amend his complaint and assert this claim.  As such, the claim is time-barred, this defect is incurable, and the claim should be dismissed without leave to amend.

#### b.    Plaintiff Fails To And Cannot Plead The Elements Of His Claim.

"To establish a prima facie case of wrongful discharge in violation of public policy, [an employee] must prove, among other things, that [he] was discharged."  *Tomco v. Prada USA Corp.,* 484 Fed. Appx. 99, 100 (9th Cir. 2012).  Here, however, Khan was not actually discharged.  He concedes as much by alleging that he was constructively discharged.  However,

as discussed above, he was not constructively discharged either as  he fails to plead any facts

suggesting that his working conditions were intolerable.  To the contrary, he pleads that he asked

to return to work at SAP Labs.  (AC at ¶19 ["At one point, Khan asked if he could back out of

this process and just return to work…"]).  Because Khan's complaint belies any contention that

he was discharged, this claim necessarily fails and should be dismissed without leave to amend.

### 8. Plaintiff's Claim For Violation Of Labor Code §1102.5 (The Eighth Cause Of Action) Fails.

#### a. The Claim Is Time-Barred.

A claim for damages brought pursuant to Labor Code §1102.5 (like Khan's claim herein)

is subject to a three-year statute of limitations.  *Ayala v. Frito Lay, Inc.,* 263 F.Supp.3d 891, 916

(E.D. Cal. 2017).  Therefore, Khan  needed to bring this claim by December 1, 2018, which he

failed to do.  While Khan previously asserted a "whistleblower retaliation" claim in his initial

complaint filed on August 21, 2018, it was premised on purported "facts" related to defendants'

alleged cooperation with the authorities relative to Khan's criminal conviction.  (Exhibit D to

RJN at Page 10 of the Complaint).  The current claim, which is extremely vague and conclusory,

alleges that SAP Labs violated Labor Code 1102.5 by retaliating against Khan for "raising

[unspecified] complaints of illegality while he worked for defendants," an issue which was not

previously raised in Khan's original complaint.  (AC at ¶ 79.)  Thus, the claim is time-barred and

should be dismissed without leave to amend.  *See, e.g., Williams v. Boeing Co.*, 517 F.3d 1120,

1133 & n.8 (9th Cir. 2008) (an "entirely new claim for compensation discrimination unrelated to

[existing] promotion, hostile work environment, and retaliation claims" did not relate back to the

original complaint for statute of limitations purposes even where both the new and existing claims

were based on alleged racial discrimination because they did not share a "common core of

operative facts.").

#### b. Plaintiff Has Not Pled The Requisite Elements Of His Claim.

"To establish a prima facie case for a labor code violation under §1102.5, a plaintiff must

show (1) [he or] she engaged in a protected activity, (2) [his or] her employer subjected her to an

adverse employment action, and (3) there is a causal link between the two."  *Bowen v. M.*

*Caratan, Inc.*, 142 F. Supp. 3d 1007, 1030-1031 (E.D. Cal. 2015).  Here, Khan has failed to plead any facts sufficient to support the elements of his claim.  To the contrary, Khan merely alleges that he "raised complaints of illegality while he worked for defendants" without specifying what the purported illegalities were, when they occurred, to whom he complained, or any other facts demonstrating that he raised a protected complaint during his employment.  (AC at ¶79).

Further, Khan has fails to plead facts suggesting he suffered any adverse employment action.  For the reasons discussed above, Khan fails to (and cannot) plead facts sufficient to establish an alleged constructive termination.  Finally, Khan has not pled any facts suggesting a causal connection between his purported "complaints of illegality" and his alleged constructive termination.  Among other things, he fails to plead facts suggesting that the person(s) at SAP Labs that allegedly forced him to quit was even aware of his alleged unspecified complaints.  Accordingly, Khan's claim fails and should be dismissed.

### 9.    Plaintiff's  Claims For Invasion Of Privacy (The Ninth And Tenth Claims) Fail.

#### a.    Plaintiff Fails To Plead The Elements Of His Claims.

A claim for invasion of privacy requires three elements: "(1) the claimant must possess a legally protected privacy interest; (2) the claimant's expectation of privacy must be objectively reasonable; and (3) the invasion of privacy claimed of must be serious in both its nature and scope." *Med. Bd. of California v. Chiarottino,* 225 Cal. App. 4th 623, 631 (2014).  Further, even if these elements are satisfied, a claim for invasion of privacy does not lie when the alleged invasion is justified by a competing legitimate interest.  *Id.* at 632.  "The California Constitution and the common law set a high bar for an invasion of privacy claim.  Even disclosure of private information … does not constitute an egregious breach of social norms to establish an invasion of privacy claim" *Barry v. Wells Fargo Home Mortg.,* No. 15-CV-04606 BLF, 2016 WL 4242237 at *4 (N.D. Cal. Aug. 11, 2016) (internal citations omitted).

Here, Khan premises his privacy claims on SAP Labs' alleged access, disclosure or distribution of unspecified "protected health information."  (AC at ¶ 24 c-f, ¶84, and ¶94).  But such "vague allegations that Defendant obtained [Plaintiff's] personal, private information

1   without more … are insufficient to state a claim for invasion of privacy." *Cruz v. Nationwide*

2   *Reconveyance, LLC,* No. 15-CV-2082-GPC-NLS, 2016 WL 127585 at *3 (S.D. Cal. Jan. 11,

3   2016).  Khan does not describe the information that was supposedly accessed, disclosed or

4   distributed, or indicate why the information was "protected" or sensitive.  Likewise, he fails to

5   say which natural person(s) supposedly accessed, disclosed or distributed the information, or

6   specify when or how often the violation(s) occurred.  And, he most certainly does not plead any

7   facts suggesting that the purported accessing or disclosure of private information was an

8   "egregious breach of social norms."  As the claim does not plead "enough facts to state a claim to

9   relief that is plausible on its face," it cannot survive the instant Motion to Dismiss.  *Bell Atl. Corp.*

10  *v. Twombly,* 550 U.S. 544, 570 (2007).

11          Further, even if SAP Labs disclosed Khan's medical records to a psychiatrist who

12  prepared a report in the context of his criminal proceedings (AC at ¶¶ 24 a.,b.,h. and Exhibits 10

13  and 11 to AC), it was justified in doing so.  An invasion of privacy is not actionable "if the

14  invasion is justified by a competing interest.  Legitimate interests derive from the legally

15  authorized and socially beneficial activities of government and private entities."  *Med. Bd. of*

16  *California v. Chiarottino,* 225 Cal. App. 4th 623, 632 (2014).  "Among the legitimate competing

17  societal interests is the public interest in exposing and prosecuting serious crime."  *Baughman v.*

18  *State of California,* 38 Cal. App. 4th 182, 190 (1995).  Thus, even if the Court credits Khan's bald

19  allegations that SAP Labs disclosed his medical records in his criminal proceedings (which it

20  should not), SAP Labs was justified in doing so and Khan therefore cannot state claims for

21  invasion of privacy against it.  For this additional reason, Khan's privacy  claims should be

22  dismissed with prejudice.

23          **b.**     **Plaintiff's Claim Is Preempted By Workers' Compensation**
                        **Exclusivity.**

24

25          Khan's privacy claims fail as a matter of law on the additional ground that they are barred

26  by the workers' compensation exclusivity rule.  California Labor Code §3601 provides that

27  workers' compensation is "the exclusive remedy for injury or death of an employee against any

28  other employee of the employer acting within the scope of his or her employment."  Therefore,

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

18

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

1   "[p]hysical and emotional injuries sustained in the course of employment are preempted by the

2   workers' compensation scheme and generally will not support an independent cause of action."

3   *Yau v. Santa Margarita Ford, Inc.,* 229 Cal.App.4th 144, 161 (2014) (citing *Cole v. Fair Oaks*

4   *Fire Protection Dist.,* 43 Cal. 3d 148, 160 (1987)).

5          Courts have expressly recognized that a claim for invasion of privacy falls within

6   workers' compensation exclusivity preemption because "the nature of the harm from the breach

7   of the right to privacy does constitute a personal injury, bringing such a claim within the

8   conditions of compensation and satisfying the first step of the workers' compensation exclusivity

9   analysis." *See Operating Engineers Local 3 v. Johnson,* 110 Cal.App.4th 180, 187 (2003) (noting

10  that the elements of emotional distress damages arising from a breach of privacy are "anxiety,

11  embarrassment, humiliation, shame, depression, feelings of powerlessness, anguish, etc.")

12  (quoting *Miller v. National Broadcasting Co.* 187 Cal.App.3d 1463, 1485 (1986)).

13         The second step of the analysis is satisfied where the actions at issue are "a normal part of

14  the employment relationship." *Operating Engineers Local 3,* 110 Cal.App.4th at 188.  Thus, the

15  invasion of privacy must involve conduct that goes beyond "broadly based widely accepted

16  community norms of acceptable employer conduct." *Id.* at 190, 192 ("By critically evaluating the

17  sufficiency of complaints asserting such a violation, trial courts should be able to reject at the

18  pleading stage most complaints that attempt to circumvent the exclusivity of the workers'

19  compensation scheme by frivolously alleging an invasion of this right.")

20         Here, Khan alleges that his privacy rights were violated because SAP Labs allegedly

21  accessed, disclosed, or distributed certain unspecified "protected health information" in the

22  context of his criminal proceedings by acquiring such records and providing them to a

23  psychiatrist who prepared a report for use in such proceedings.  (AC at ¶ 24 a-f, h, ¶84, ¶94, and

24  Exhibits 10 and 11). There is nothing unusual about an employer receiving an employee's

25  medical information in the course of the employment relationship (particularly where, as here,

26  Khan alleges that he took time off for medical reasons).  (AC, ¶ 18.)  Moreover, accepting as true

27  Khan's allegations that such information was disclosed in the context of his criminal proceedings,

28  such information would have been disclosed under circumstances justifying its disclosure.

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

19

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

1    Therefore, an alleged invasion of privacy falls squarely within workers' compensation exclusivity

2    and Khan's claims should be dismissed without leave to amend.

3             **c.**     **Plaintiff's Claim Is Time-Barred.**

4        Finally, though Khan is purposely vague as to when the purported violations of his

5    privacy occurred, it is apparent that his claims are time-barred.  The statute of limitations for an

6    invasion of privacy claim is two years.  *Morgan v. Davidson*, 29 Cal. App. 5th 540, 559 (2018).

7    Khan's employment with SAP Labs ended on December 1, 2015.  Thus, to the extent Khan's

8    claim is premised on any conduct that took place in the course of his employment relationship,

9    Khan was required to assert the claim by December 1, 2017.  However, he did not even initiate

10    this action until 2018.  Thus, the claim is time-barred.

11        In an obvious attempt to plead around that statute of limitations, Khan asserts that, in

12    January 2018, he learned that SAP had acquired his private medical records without his

13    authorization and disclosed them.  (AC at ¶24 c.–d.).  He does not provide any factual support for

14    this conclusion.  He fails to indicate how he came to learn this, from whom, what records were

15    supposedly acquired, etc.  Instead, he refers to Exhibit 10 of his Amended Complaint to support

16    the allegation.  (AC at ¶24 d)  However, Exhibit 10 does not support his claim.  It does not state

17    or even suggest that SAP acquired or disclosed Khan's medical or health records.  Further,

18    nothing in it suggests that Khan **first** discovered SAP Labs' alleged misconduct in January 2018.

19    Thus, Khan's unsupported and conclusory allegation that he first learned of the purported

20    acquisition and disclosure of his medical records in 2018 should be disregarded, Khan's attempt

21    to save the untimely claims fails, and the Court should dismiss them.

22        **10.**     **Plaintiff's IIED Claim (The Eleventh Cause Of Action) Fails.**

23        Plaintiff's Eleventh Cause of Action for IIED fails as a matter of law for two reasons: 1)

24    this claim is time-barred; and 2) this claim is barred by the workers' compensation exclusivity

25    rule.

26        The statute of limitations for an IIED claim is two years.  *See* Cal. Code Civ. Proc. §

27    335.1; *see also Torres v. Unum Life Ins. Co. of America,* No. C 08-1940 MHP, 2009 WL69358

28    (N.D. Cal. Jan. 9, 2009).  Here, the alleged wrongful conduct took place in 2014 and 2015 while

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

20

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

1    Khan was employed by SAP Labs, and in any event, took place no later than December 1, 2015

2    when  Khan's employment with SAP Labs ended.  (AC, ¶ 22 a.).  Thus, Khan had until December

3    1, 2017 at the latest to bring this claim.  Yet, he did not file suit until several months later, on

4    August 21, 2018, and then waited until April  2019 to amend his complaint and bring his IIED

5    claim.  Accordingly, Khan's IIED claim is time-barred and fails as a matter of law.

6         Khan's IIED claim fails as a matter of law on the additional ground that it is barred by the

7    workers' compensation exclusivity rule.  Cal. Lab. Code §3601.  It is well-settled that

8    "[e]motional injuries caused by workplace discipline, including termination, fall within this rule."

9    *Yau v. Santa Margarita Ford, Inc.,* 229 Cal.App.4th 144, 161 (2014) (citing *Cole v. Fair Oaks*

10   *Fire Protection Dist.,* 43 Cal. 3d 148, 160 (1987))*; see also Estrada v. Wal-Mart Stores, Inc.,* No.

11   16-CV-04091-LB, 2016 WL 5846977, at *8 (N.D. Cal. Oct. 6, 2016) ("The California Workers'

12   Compensation Act is broadly construed, and includes, for example, emotional distress damages

13   resulting from 'the act of termination and the acts leading up to termination' because they both

14   'necessarily arise out of and occur during and in the course of employment.'").  The well-settled

15   law in California is "that workers' compensation insurance coverage is presumed where the

16   plaintiff alleges facts establishing an employment relationship and work-related injury."  *Gibbs v.*

17   *American Airlines, Inc*., 74 Cal. App. 4th 1, 13 (1999) ("American Airlines was not required to

18   prove what Gibbs admitted in her complaint."); *see also Arriaga v. County of Alameda*, 9 Cal. 4th

19   1055, 1060 (1995) (where the complaint alleges facts indicating that the workers' compensation

20   act applies, the plaintiff must establish an exception).

21        Furthermore, "[t]o prevent employees from circumventing the exclusivity rule by bringing

22   lawsuits for work-related injuries against coemployees, who in turn would seek indemnity from

23   their employers, the Legislature in 1959 provided immunity to coemployees."  *Torres v.*

24   *Parkhouse Tire Service, Inc*., 26 Cal. 4th 995, 1002 (2001).  "In other words, the purpose of the

25   exclusivity rule would be defeated if employees could bring actions against fellow employees

26   acting in the scope of employment such that the fellow employees' negligence could be imputed

27   to their employers."  *Torres,* 26 Cal. 4th at 1002 citing *Saala v. McFarland*, 63 Cal. 2d 124, 130

28   (1965).  "Therefore, workers' compensation was also made the exclusive remedy against fellow

CURLEY, HURTGEN &
JOHNSRUD LLP
COUNSELORS AT LAW
MENLO PARK

21

DEFENDANTS' MOTION TO DISMISS
(CASE NO. 3:18-CV-07490-SVK)

1    employees acting within the scope of employment….For conduct committed within the scope of

2    employment, employees, like their employers, should not be held subject to suit." *Torres,* 26 Cal.

3    4th at 1002 (emphasis added).

4         Here, Plaintiff alleges that he suffered emotional distress due to conduct that took place in

5    connection with his employment at SAP Labs.  (AC, ¶¶ 103-108.)  Therefore, his IIED  claim is

6    barred by workers' compensation exclusivity and fails as a matter of law as to all Defendants.

7         **C.      Further Leave To Amend Should Be Denied.**

8         "[L]eave to amend will be denied where the amendment would be futile, or where the

9    amended complaint would be subject to dismissal." *In Re Rubber Chemicals Antitrust Litigation,*

10   504 F.Supp.2d 777, 786 (N.D. Cal. 2007).  Allowing Khan leave to amend would be futile as his

11   claims suffer from incurable defects.  Among other defects, the claims are time-barred, Khan has

12   failed to exhaust administrative remedies, and Khan is unable to allege facts sufficient to plead

13   his claims.  Defendants previously moved to dismiss Khan's initial complaint, raising many of the

14   same defects discussed in the instant Motion.  In response to that Motion, Khan requested leave to

15   amend his complaint, Defendants did not object to the request, and the Court granted it.  Thus,

16   Khan has already been afforded an opportunity to cure the multitude of deficiencies in his

17   pleading, and has shown that he cannot do so.  The Court should grant this motion in its entirety

18   and without leave to amend, and dismiss all of Khan's claims with prejudice.

19   **V.    CONCLUSION**

20        For all of the foregoing reasons, Defendants respectfully request that the Court grant the

21   instant Motion to Dismiss in its entirety and without leave to amend, and dismiss all of Khan's

22   claims with prejudice.

23   Dated: May 22, 2019                          CURLEY, HURTGEN & JOHNSRUD LLP

24

25                                               By____/s/ Brian L. Johnsrud_____
                                                     BRIAN L. JOHNSRUD
26                                                   Attorneys for Defendants SAP LABS,
                                                     LLC, JENNY LE and SANJAY SHIROLE
27

28

Curley, Hurtgen &
Johnsrud llp
Counselors At Law
Menlo Park

22                    DEFENDANTS' MOTION TO DISMISS
                              (CASE NO. 3:18-CV-07490-SVK)