**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

MUHAMMAD KHAN,

           Plaintiff,

    v.

SAP LABS, LLC; JENNY LE; and
SANJAY SHIROLE,

           Defendants.

Case No. 18-cv-07490-BLF

**ORDER DENYING PLAINTIFF'S
MOTION TO REMAND; AND
GRANTING DEFENDANTS' MOTION
TO DISMISS FIRST AMENDED
COMPLAINT, WITH LEAVE TO
AMEND IN PART AND WITHOUT
LEAVE TO AMEND IN PART**

[Re: ECF 37, 41, 44]

Plaintiff Muhammad Khan ("Khan") worked for Defendant SAP Labs, LLC ("SAP"), from 2013 through December 1, 2015, when he left the company. The following month, Khan set fire to the residence of his former SAP manager, Defendant Sanjay Shirole ("Shirole"), while Shirole and his family were asleep inside. Khan was convicted of arson of an inhabited structure in September 2017, and he is serving a nine-year term of imprisonment for that crime. Khan filed this *pro se* employment discrimination action from prison approximately one year after his arson conviction and more than two years after separating from SAP. His original complaint, which was filed in the Santa Clara County Superior Court, alleged that while employed at SAP he was denied leave and accommodation in violation of the federal Family Medical Leave Act ("FMLA"), and was subjected to a hostile work environment, harassment, discrimination, and retaliation in violation of California's Fair Employment and Housing Act ("FEHA") and other state laws.

Defendants removed the action to federal district court on the basis of both federal question jurisdiction and diversity jurisdiction. Khan moves to remand the action to the state court, asserting that the operative first amended complaint ("FAC") asserts only state law claims and that

diversity jurisdiction does not lie. Defendants oppose the motion to remand and seek dismissal of the FAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Khan opposes the motion to dismiss. The Court has taken both motions under submission without oral argument. *See* Orders, ECF 40, 48.

For the reasons discussed below, Khan's motion to remand is DENIED, and Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND IN PART AND WITHOUT LEAVE TO AMEND IN PART.

In reviewing the file, the Court discovered that a clerical error was made in the electronic filing of Khan's operative FAC. *See* FAC, ECF 41. In its order granting Khan's motion for leave to amend to file the FAC, the Court ordered that "[t]he Clerk shall file Khan's proposed pleading (ECF 36-2) as a separate docket entry titled 'First Amended Complaint.'" Order, ECF 40. When the Clerk electronically filed the FAC, several pages of the FAC and the exhibits to the FAC were omitted. *See* FAC, ECF 41. The Clerk SHALL correct that clerical error by replacing the partial document currently filed as ECF 41 with the entire FAC, including exhibits, which was submitted by Khan at ECF 36-2.

## I.  BACKGROUND[1]

*Khan's Allegations*

Khan began working for SAP in 2013, first as an intern, and later as a manager. FAC ¶ 8, ECF 41. In April or May of 2014, Khan began reporting to Defendant Shirole, a high-level software executive. FAC ¶ 11. h, i. Shirole was abusive toward Khan. FAC ¶ 11.i. Shirole made comments about Khan's body, stating that Khan was overweight, and forcing Khan to race him (Shirole) up flights of stairs. FAC ¶ 11.j, k. Shirole also asked Khan about his sexuality, asked if Khan was gay, and told Khan that he should "seriously consider coming out." FAC ¶ 11.l. Shirole told Khan about another SAP employee who had come out as gay later in life. FAC ¶

---

[1] The background facts are drawn from the allegations of the FAC, which are accepted as true for purposes of the motion to dismiss, *see Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011), and from documents incorporated into the FAC by reference and matters which are subject to judicial notice, *see Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016).

11.o. Shirole told colleagues that Khan was gay, and stated to colleagues that he (Shirole) liked to "ride Khan like a tiger." FAC ¶ 11.m, n, w. During the same time period, Shirole referred to Khan and some other employees by derogatory Hindi epithets meaning "fool." FAC ¶¶ 11.p, 14. Shirole complained about other employees wearing traditional clothing to work. FAC ¶ 11.r. Khan got the impression that Shirole believed in the caste system prominent in India. FAC ¶ 15.

Khan, a heterosexual, Pakistani, Muslim individual, felt that Shirole's conduct created a hostile work environment. FAC ¶¶ 10, 11.t. Khan interviewed for and accepted a position at another company. FAC ¶ 11.t. When Shirole found out, he became upset and told Khan that leaving SAP would not be good for Khan and would affect Khan's efforts to obtain citizenship. FAC ¶ 11.t, x. Khan became scared and did not show up for his start date at the other company. FAC ¶ 11.x. Shirole threatened retaliation if Khan reported Shirole's conduct. FAC ¶ 11.z. Khan then started looking for other positions within SAP. FAC ¶ 15. Shirole told Khan that he would not approve Khan going elsewhere in the company, and that Khan should work under Shirole or quit. FAC ¶ 16. At that time, Shirole suddenly started giving Khan poor reviews, which was a change from his prior excellent reviews. FAC ¶ 17.

Khan complained to the company's human resources ("HR") department from May 2015 through December 2015. FAC ¶ 19. Defendant Le was assigned to handle Khan's complaint. *Id*. Le put Khan on unpaid leave. *Id*. In November 2015, Khan learned that his position on Shirole's team had been given to a white male. FAC ¶ 20. Shirole told Khan that SAP needed a white person to be the face of the project. *Id*. On December 1, 2015, Khan emailed HR and stated that he felt compelled to leave his employment because of harassment and discrimination by Shirole and the company's failure to address his prior complaints. FAC ¶ 22.a. Khan could not find other employment because Shirole and SAP stated that he had been fired and said negative things about him. FAC ¶ 23.

On January 9, 2016, someone set fire to Shirole's home while he and his family were asleep inside. *See People v. Khan*, No. H045524, 2019 WL 5542840, at *3 (Cal. Ct. App. Oct. 28,

2019).[2]  Khan was arrested for the arson offense.  *See* FAC ¶ 14.a, ECF 41; Def.'s RJN Exh. A, ECF 44-1.  SAP hired a law firm to help the district attorney prosecute Khan.  FAC ¶ 24.b.  SAP acquired Khan's private medical records and disclosed them to a "private practice Psychiatrist."  FAC ¶ 24.c, d.  SAP also provided a report regarding Khan's medical records to the judge and prosecution in Khan's criminal case.  FAC ¶ 24.e.  Following a jury trial, Khan was convicted of arson of an inhabited structure by use of a device designed to accelerate the fire, and he currently is serving a nine-year term of imprisonment.  *See People v. Khan*, 2019 WL 5542840, at \*1.

*DFEH Complaint and Right-to-Sue Letter*

In March 2017, more than a year after his December 1, 2015 separation from SAP, Khan filed an administrative complaint with California's Department of Fair Employment and Housing ("DFEH").  *See* Def.'s RJN Exh. B, ECF 44-1.  The DFEH Complaint named SAP as the only respondent.  *See id.*  It alleged that Khan was "was subjected to Discrimination, Retaliation by respondent, SAP LABS LLC due to one or more Fair Employment and Housing Act protected bases:  Disability [physical or mental], Family Care or Medical Leave."  *Id.*  The DFEH Complaint also alleged that Khan was "Denied a work environment free of discrimination and/or retaliation, Terminated," and that "[t]he most recent harm occurred on or around December 01, 2015."  *Id.*  Finally, the DFEH Complaint alleged, "I believe I was terminated on the basis of my disability and in retaliation for taking California Family Rights Act Leave.  My beliefs are based on the following:  From June 1, 2015 to December 1, 2015, my physician place me on leave due to my disability.  On December 1, 2015, Jenny Lee, Human Resources told me I was being terminated due to recent events."  *Id.*  The DFEH Complaint made no reference to sexual harassment, discrimination based on sexual orientation, racial harassment, or discrimination based on race or national origin.  *See id.*  The DFEH Complaint did not allege misconduct on the part of Le and did not mention Shirole at all.  *See id.*

---

[2] The Court takes judicial notice of the California appellate decision affirming Khan's conviction.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record.").

On July 24, 2017, the DFEH issued a right-to-sue letter, advising Khan that he had to file any civil action within one year from the date of the right-to-sue letter. *See* Def.'s RJN Exh. C, ECF 44-1. SAP was the only identified respondent. *See id.*

*Filing of Complaint in State Court and Removal to Federal District Court*

Khan filed this action in the state court on August 21, 2018, more than a year after the date of the right-to-sue letter. *See* Notice of Removal Exh. A, ECF 1. Defendants removed the action to federal district court and immediately filed a Rule 12(b)(6) motion to dismiss. *See* Notice of Removal, ECF 1; Defs.' Motion to Dismiss, ECF 7. While that motion was pending, Khan filed a motion for leave to amend and a motion to remand. *See* Pl.'s Motion for Leave to Amend, ECF 35; Pl.'s Motion to Remand, ECF 37. The motion for leave to amend was unopposed by Defendants. *See* Defs.' Statement of Non-Opposition, ECF 39. The Court granted Khan's motion for leave to amend and terminated the motion to dismiss the original complaint as moot. *See* Order Granting Motion for Leave to Amend, ECF 40. The Court also directed the Clerk to file Khan's proposed amended pleading as the operative FAC. *See id.*

*First Amended Complaint*

While the original complaint asserted both federal and state law claims, FAC asserts only state law claims against SAP and two of its employees, Shirole and Jenny Le ("Le"): (1) sexual harassment in violation of FEHA (against all Defendants); (2) discrimination on the basis of sexual orientation in violation of FEHA (against all Defendants); (3) discrimination on the basis of race or national origin in violation of FEHA (against all Defendants); (4) harassment on the basis of race or national origin in violation of FEHA (against all Defendants); (5) disability discrimination in violation of FEHA (against all Defendants); (6) failure to prevent discrimination, harassment, and retaliation in violation of FEHA (against SAP only); (7) wrongful constructive termination in violation of public policy (against SAP only); (8) violation of California Labor Code § 1102.5, *et seq.* (against SAP only); (9) common law invasion of privacy (against SAP only); (10) violation of the California Constitution, Article 1, § 1, Right to Privacy (against SAP only); (11) intentional infliction of emotional distress (against all Defendants); and (12) retaliation in violation of FEHA (against SAP only).

*Pending Motions*

Defendants filed both an opposition to Khan's motion to remand, and a Rule 12(b)(6) motion to dismiss the FAC. *See* Defs.' Opp. to Remand, ECF 43; Defs.' Motion to Dismiss, ECF 44. After several extensions of time for opposition were granted by the Court, Khan filed opposition to the motion to dismiss his FAC. *See* Pl.'s Opp., ECF 55. Khan did not file a reply with respect to his motion to remand. Briefing on the motions was completed when Defendants filed a reply with respect to their motion to dismiss in September 2019. *See* Defs.' Reply, ECF 57. The Court submitted both the motion to remand and the motion to dismiss the FAC for disposition without oral argument. *See* Orders, ECF 40, 48.

The Court addresses Khan's motion to remand first, and then Defendants' motion to dismiss.

## II.     MOTION TO REMAND

### A.     Legal Standard

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441).

The Ninth Circuit recognizes a "strong presumption against removal." *Hunter*, 582 F.3d at 1042 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Thus, "'the defendant always has the burden of establishing that removal is proper,' and . . . the court resolves all ambiguity in favor of remand to state court." *Id.* (quoting *Gaus*, 980 F.2d at 566).

### B.     Discussion

This action was removed on the bases of both federal question jurisdiction and diversity jurisdiction. Khan points out that the federal FMLA claim that gave rise to federal question jurisdiction has been dismissed, and he asks the Court to decline to exercise supplemental jurisdiction over the remaining state law claims. Khan also argues that no diversity jurisdiction

lies. Defendants oppose remand, arguing that diversity jurisdiction does lie and that, even absent diversity jurisdiction, the Court should exercise its discretion to retain supplemental jurisdiction over Khan's state law claims despite his dismissal of the federal FMLA claim.

The Court concludes that Defendants have met their burden of establishing that removal is proper, because Defendants have shown that diversity jurisdiction exists and that, even absent diversity jurisdiction, exercise of supplemental jurisdiction over Khan's state law claims is appropriate in this case.

### 1. Diversity Jurisdiction

#### a. Legal Standard

Federal district courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"[O]ne exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Hunter*, 582 F.3d at 1043 (internal quotation marks and citation omitted). Joinder is fraudulent "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (internal quotation marks, citation, and alteration omitted). "In such a case, the district court may ignore the presence of that defendant for the purpose of establishing diversity." *Id.* However, "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018). "A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined." *Id.*

### 2. Discussion

Defendants argue that diversity jurisdiction lies under 28 U.S.C. § 1332(a)(1) because (1) Khan is a California citizen, (2) SAP is not a California citizen and thus is diverse from Khan, (3) the California citizenship of Le and Shirole should be disregarded under the fraudulent joinder

rule, and (4) the amount in controversy exceeds $75,000.

Taking these points in reverse order, the FAC does not specify the amount of damages sought, alleging only that "[t]he amount demanded exceeds $25,000." FAC, Prayer. "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). Defendants point out that the FAC contains numerous FEHA claims, and that in connection with each Khan claims lost earnings and benefits, among other damages. *See, e.g.,* FAC ¶¶ 34, 41, 47, 53, 59, 67. Defendants direct the Court to evidence that Khan's base salary alone exceeds $75,000. *See* FAC Exh. 4. Because Khan separated from SAP nearly four years ago in December 2015, his lost earnings to date exceed $300,000. Khan also seeks emotional distress damages, punitive damages, and attorneys' fees. *See, e.g.,* FAC ¶¶ 35-37, 42-44, 48-50, 54-56, 60-62, 68-70. Other courts have found the amount in controversy requirement satisfied when the plaintiff alleged multiple FEHA claims and sought similar types of damages. *See, e.g., Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (jurisdictional minimum "clearly satisfied" when plaintiff asserting multiple FEHA claims sought unspecified compensatory, punitive, and emotional distress damages as well as attorneys' fees). The Court concludes that Defendants have demonstrated by a preponderance of the evidence that the jurisdictional minimum is satisfied.

The Court also finds persuasive Defendants' showing that Le and Shirole are sham defendants. As discussed below in connection with Defendants' motion to dismiss, Khan has failed to state a claim against either Le or Shirole and there is no possibility that Khan could do so even if given further leave to amend. The sham defendant rule may be applied where it is shown "that the individuals joined in the action cannot be liable on any theory," *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), and that "there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant," *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998).

Defendants have demonstrated diversity of citizenship between Khan and SAP. As an LLC, SAP takes its citizenship from that of its owners/members. *See Johnson v. Columbia*

*Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). The sole member of Defendant SAP is SAP America, Inc., which is a citizen of Delaware and Pennsylvania. Notice of Removal ¶¶ 8-9 and Heck Decl. ¶¶ 3-5, ECF 1. Accordingly, SAP is a citizen of Delaware and Pennsylvania, but not of California.

The only real question presented by Defendants' showing is with respect to Khan's citizenship. In their notice of removal, Defendants assert that Khan is a California citizen based on records showing that Khan currently resides at the Correctional Training Facility located in Soledad, California; Khan's allegations that he resided in California while working for SAP; and records showing that Khan paid California state taxes while working at SAP. *See* Notice of Removal ¶ 7 and Exhibits, ECF 1. While these documents establish that Khan was and is *domiciled* in California, they do not establish that he is a *citizen* of California. "To be a citizen of a state, a natural person must first be a citizen of the United States." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). It appears from the face of the FAC and exhibits thereto that Khan was in the process of applying for United States citizenship while working at SAP. *See* FAC ¶ 11.x & Exh. 2. Defendants have not shown the Khan obtained United States citizenship, and thus have not shown that he is a California citizen for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

Even if Khan is a foreign national, however, federal courts' diversity jurisdiction generally extends to civil actions between "citizens of a State and citizens or subjects of a foreign state" where the amount in controversy requirement is satisfied. 28 U.S.C. § 1332(a)(2). The exception to this rule is that diversity jurisdiction does not lie with respect to an action between "citizens of a State" and foreign nationals "who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." *Id*. It is unclear from this record whether Khan is lawfully admitted for permanent residence in the United States. Even assuming that he is, Defendant SAP is not a citizen of California and Defendants have established that the California citizenship of Defendants Le and Shirole should be disregarded under the fraudulent joinder rule. Accordingly, whether Khan is a California citizen or a foreign national, his citizenship is diverse

from that of Defendant SAP and the citizenship of Defendants Le and Shirole may be disregarded under the fraudulent joinder rule.

Khan has not responded to any of these arguments, as he did not file a reply to Defendants' opposition to his remand motion.

Defendants have established all requirements for diversity jurisdiction, Khan's motion to remand is DENIED. Even if the Court were to find diversity jurisdiction to be lacking, it would exercise supplemental jurisdiction over Khan's state law claims for the following reasons.

**B.  Supplemental Jurisdiction**

**1.  Legal Standard**

A federal court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367. Section 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may, in its discretion, decline to exercise supplemental jurisdiction over a state law claim where one or more of the following circumstances exists: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

**2.  Discussion**

Removal of this action clearly was proper based on federal question jurisdiction arising from Plaintiff's assertion of a federal FMLA claim in the original complaint. The Court therefore may exercise supplemental jurisdiction over Khan's state law claims if they are sufficiently related to the FMLA claim as to form part of the same case or controversy. Khan's original complaint indicated that he suffered emotional distress, stress, anxiety, depression, and panic attacks as a result of the alleged harassment and other misconduct of Defendants. *See* Notice of Removal Exh. 1 (Compl.) at 9, ECF 1-4. Khan apparently tried to take medical leave or short-term disability

leave as a result of these issues, and he alleges that Defendants "prevented him from taking FMLA/STD even though paperwork was available." *Id*. at 6. Because the medical conditions underlying Khan's federal FMLA claim allegedly arose from the asserted harassing, discriminatory, and retaliatory conduct underlying his FEHA and other state law claims, the Court concludes that the federal and state law claims are sufficiently related to support the exercise of supplemental jurisdiction.

"[E]xercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in subdivision (c) is implicated is a responsibility that district courts are duty-bound to take seriously." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). The district court's decision is informed by the "values of economy, convenience, fairness, and comity" articulated by the United States Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *Acri*, 114 F.3d at 1001 (internal quotation marks and citation omitted).

Khan asks the Court to decline supplemental jurisdiction because all federal claims have been dismissed, citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988), for the proposition that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." While Khan is correct that the cited factors ordinarily will result in the declination of supplemental jurisdiction where all federal claims are eliminated before trial, the Supreme Court made clear in *Carnegie-Mellon* that this is not "a mandatory rule to be applied inflexibly in all cases." *See id*. The Ninth Circuit has "consistently upheld decisions to retain pendent claims on the basis that returning them to state court would be a waste of judicial resources." *See Schneider v. TRW, Inc.*, 938 F.2d 986, 994 (9th Cir. 1991). "[A] district court may exercise its discretion to retain pendent claims, on the basis of judicial economy" when the case has been in federal court for periods ranging from four months to nine months to twenty-nine months. *Id*. (collecting cases).

The present case has been pending in federal court for more than ten months, well within

the range the Ninth Circuit has found sufficient to support exercise of supplemental jurisdiction. *See Schneider*, 938 F.2d at 994. While the case is at an early stage, the undersigned has issued thirteen orders to date. *See* ECF 18, 26, 27, 29, 31, 33, 38, 40, 48, 50, 52, 53, 56. Some orders addressed substantive motions such as Khan's motions for leave to proceed *in forma pauperis*, for leave to amend the complaint, and for appointment of counsel. *See* ECF 27, 40. Others were issued in an effort to finalize the briefing on Defendants' motions to dismiss the original complaint and the FAC, as numerous delays were caused by Khan's incarceration and requests for extensions of briefing deadlines. *See* ECF 26, 29, 31, 33, 40, 48, 50, 52, 56. Now that the briefing on the current motion to dismiss finally has been completed – more than five months after it was filed – the Court finds that imposing further delay by remanding the action to state court would be inefficient and unfair to Defendants. Moreover, as this Court necessarily evaluated the merits of the motion to dismiss in order to determine the applicability of the fraudulent joinder rule in connection with Khan's motion to remand, judicial economy favors the exercise of supplemental jurisdiction.

Accordingly, Khan's motion to remand is DENIED on the additional basis that this Court has determined that exercise of supplemental jurisdiction is appropriate in this case.

### III. MOTION TO DISMISS

#### A. Legal Standard

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (internal quotation marks and citation omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When evaluating a Rule 12(b)(6) motion, the district court is limited to the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are

subject to judicial notice. *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### B.   Discussion

Defendants move to dismiss the FAC under Rule 12(b)(6), asserting that Khan has failed to exhaust administrative remedies with respect to most of his FEHA claims; all of his claims are time-barred; the claims for invasion of privacy and intentional infliction of emotional distress are barred by the workers' compensation exclusivity rule; and Khan has failed to plead the requisite elements of his claims. Defendants request that dismissal be granted without leave to amend, arguing that Khan could not cure these defects by amendment. In opposition, Khan argues that he has exhausted administrative remedies; he timely filed suit; the workers' compensation exclusivity rule does not apply; and all claims are adequately pled.

Before turning to the parties' substantive arguments, the Court addresses Defendants' request for judicial notice and Defendants' objections to Khan's opposition brief and documents attached thereto. The Court then takes up each of Defendants' arguments and Khan's response thereto.

### 1.   Defendants' Request for Judicial Notice

Defendants have filed a request for judicial notice ("RJN") in connection with their Rule 12(b)(6) motion to dismiss. *See* Def.'s RJN, ECF 44-1. Specifically, Defendants ask the Court to take judicial notice of four documents, attached to the RJN as Exhibits A-D: the Felony Abstract of Judgment showing Khan's arson conviction; Khan's DFEH administrative complaint; the DFEH right-to-sue letter issued to Khan; and the complaint Khan filed in this action in the state court. Judicial notice is proper as to all of these documents. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *Dornell v. City of San Mateo*, 19 F. Supp. 3d 900, 904 n.3 (N.D. Cal. 2013) (taking judicial notice of public documents including DFEH Complaint and DFEH right-to-sue letter). Accordingly, Defendants' RJN is GRANTED.

## 2.     Defendants' Objections to Khan's Opposition Brief

Khan has appended twenty-two exhibits to his brief in opposition to Defendants' motion to dismiss.  *See* Pl.'s Opp., ECF 55.  Defendants object to the Court's consideration of these exhibits, correctly pointing out that the Court generally may not consider extrinsic evidence when evaluating a Rule 12(b)(6) motion.  As set forth above, on a Rule 12(b)(6) motion the Court is limited to the face of the complaint, matters that may be judicially noticed, and documents that are incorporated by reference into the complaint.  *See Wynn*, 829 F.3d at 1063.  Khan has not requested that the Court take judicial notice of the exhibits attached to his opposition, nor has he demonstrated that those documents may be considered under the incorporation by reference doctrine.  Accordingly, the Court has not considered the exhibits attached to the opposition, with the exception of those exhibits that also are attached to the FAC.  For example, an email from Robert Isenberg of the DFEH is both attached to the opposition as Exhibit 3 and attached to the FAC as Exhibit 12.  The Court has considered Mr. Isenberg's email on the basis that it is attached to and incorporated into the FAC.

Defendants also object to Khan's opposition papers on the ground that they violate the Court's Civil Local Rules.  Defendants correctly point out that Khan's opposition brief, exclusive of exhibits, is seventy-four pages in length.  Even if allowance is made for the fact that the brief is handwritten rather than typewritten, the brief clearly exceeds the twenty-five pages permitted by Civil Local Rule 7-4.  Defendants also note that Khan's opposition brief does not include a table of contents or table of authorities as required under Civil Local Rule 7-4.  While these objections are meritorious, the Court in the exercise of its discretion has considered the entirety of the opposition brief, excluding the exhibits, in light of Khan's *pro se* status and incarceration.

## 3.     FEHA Claims (Claims 1-6, 12)

Khan asserts a number of FEHA claims:  Claim 1 for sexual harassment in violation of FEHA (against all Defendants); Claim 2 for discrimination on the basis of sexual orientation in violation of FEHA (against all Defendants); Claim 3 for discrimination on the basis of race or national origin in violation of FEHA (against all Defendants); Claim 4 for harassment on the basis of race or national origin in violation of FEHA (against all Defendants); Claim 5 for disability

discrimination in violation of FEHA (against all Defendants); Claim 6 for failure to prevent

discrimination, harassment, and retaliation in violation of FEHA (against SAP only); and Claim 12

for retaliation in violation of FEHA (against SAP only).

Defendants argue that these claims are subject to dismissal for failure to exhaust

administrative remedies and as time-barred. Khan argues that he did exhaust administrative

remedies and that his claims are not time-barred.

"In order to bring a civil action under FEHA, the aggrieved person must exhaust the

administrative remedies provided by law." *Rodriguez v. Airborne Express*, 265 F.3d 890, 896 (9th

Cir. 2001) (internal quotation marks and citation omitted). "Exhaustion in this context requires

filing a written charge with DFEH within one year of the alleged unlawful employment

discrimination, and obtaining notice from DFEH of the right to sue." *Id*. "The scope of the

written administrative charge defines the permissible scope of the subsequent civil action," and

"[a]llegations in the civil complaint that fall outside of the scope of the administrative charge are

barred for failure to exhaust." *Id*.

The DFEH must investigate the charges of unlawful employment discrimination set forth

in the administrative complaint. *Rodriguez*, 265 F.3d at 896 n.5. If the DFEH finds a charge of

employment discrimination to be valid, it may attempt conciliation and/or file an accusation to be

heard by the Fair Employment and Housing Commission. *Id*. If the DFEH takes neither of these

routes, it must give the claimant a right-to-sue letter. *Id*. The claimant then must file any civil

action based on the charge of discrimination "within one year after the DFEH issues a right-to-sue

letter for the defendants listed in the complaint." *Johnson v. Riverside Healthcare Sys., LP*, 534

F.3d 1116, 1127 (9th Cir. 2008).

### a. Khan Failed to Exhaust as to Le and Shirole

Khan filed his DFEH Complaint in March 2017. *See* Def.'s RJN Exh. B, ECF 44-1. The

DFEH Complaint named SAP as the only respondent. *Id*. It alleged that Khan was subjected to

discrimination and retaliation by SAP due to "Disability [physical or mental]"; he was "Denied a

work environment fee of discrimination and/or retaliation"; and he was "terminated on the basis of

[his] disability and in retaliation for taking California Family Rights Act Leave." *Id*. The DFEH

Complaint mentioned Defendant Le in one sentence, alleging that "On December 1, 2015, Jenny Lee [sic], Human Resources told me I was being terminated due to recent events." *Id.* The DFEH Complaint does not charge Le with any misconduct. *See id.* It does not mention Defendant Shirole at all. Khan's failure to name Le or Shirole as respondents, or to charge them with misconduct in the administrative complaint, constitutes a failure to exhaust administrative remedies as to Le and Shirole and is fatal to his FEHA claims against them. *See Washington v. Lowe's HIW Inc.*, 75 F. Supp. 3d 1240, 1249 (N.D. Cal. 2014) (holding that the plaintiff's failure to name individual employees in her DFEH Complaint "defeats her ability to show that she exhausted her administrative remedies with respect to these defendants").

### b. Khan Failed to Exhaust as to SAP on all Claims Alleging Discrimination or Harassment based on Sex, Sexual Orientation, Race, or National Origin

Khan's DFEH Complaint alleged that SAP discriminated against him based on "Disability [physical or mental]," and that he was terminated on the basis of his disability and in retaliation from taking leave related to his disability. *See* Def.'s RJN Exh. B, ECF 44-1. The DFEH Complaint contains no reference whatsoever to any alleged discrimination or harassment based on sex, sexual orientation, race, or national origin. In *Rodriguez*, the Ninth Circuit held that the plaintiff's DFEH Complaint that he was discriminated against because he was Mexican-American could not be construed to encompass a claim of disability discrimination. *See Rodriguez*, 265 F.3d at 897. The Ninth Circuit found that "[t]he two claims involve totally different kinds of allegedly improper conduct, and investigation into one claim would not likely lead to investigation of the other." *Id.* Reasoning that it would not be proper to expand the claim to encompass "an entirely new basis for the alleged discrimination," the Ninth Circuit found that "Rodriguez failed to exhaust his administrative remedies with respect to his claim for disability discrimination, because that claim falls outside the scope of his timely administrative complaint alleging discrimination on the ground that he was Mexican–American. *Id.* at 897-98 (internal quotation marks and citation omitted). Applying *Rodriguez* to the present case, this Court concludes that Khan's DFEH Complaint, which is limited to discrimination and retaliation based on disability, does not

encompass claims based on sex, sexual orientation, race, or national origin. Accordingly, Khan failed to exhaust his FEHA claims based on such conduct, specifically, Claims 1-4, and Claims 6 and 12 to the extent based on such conduct.

### c. Khan's DFEH Complaint was Untimely

For the foregoing reasons, Khan failed to exhaust all FEHA claims except those asserted against SAP based on alleged disability-related discrimination and retaliation, specifically, Claims 5, 6, and 12. Those claims are time-barred, however, because Khan filed his DFEH Complaint more than one year after the events giving rise to those claims. Khan's FEHA claims based on disability-related discrimination and retaliation are grounded in events that occurred while he was employed at SAP. *See* FAC ¶¶ 56-62, 63-70, 109-19. Khan separated from employment with SAP on December 1, 2015. *See* FAC ¶ 22.a. He therefore had until December 1, 2016 to exhaust administrative remedies. *See Rodriguez*, 265 F.3d at 896 (9th Cir. 2001) (a written complaint must be filed with DFEH within one year of the alleged unlawful employment discrimination). Khan did not file his DFEH Complaint until March 2017. *See* Def.'s RJN Exh. B, ECF 44-1. Accordingly, he is barred from pursuing even those FEHA claims fairly encompassed in the DFEH Complaint.

### d. Kahn's Arguments that he Timely Exhausted Administrative Remedies, or that he is Entitled to Equitable Relief from the Exhaustion Requirement, are Without Merit

#### i. Pre-Complaint Inquiry Insufficient to Exhaust

Khan argues that his discrimination and harassment claims were exhausted by a pre-complaint inquiry he submitted to the DFEH in 2016. In support of that argument, he cites to Exhibit 8 to his opposition brief, which is a November 29, 2016 "Acknowledgement of Inquiry Filing" that the DFEH sent to Khan. *See* Pl.'s Opp. Exh. 8, ECF 55. For the reasons discussed above, the Court may not consider the exhibits attached to Khan's opposition in evaluating Defendants' Rule 12(b)(6) motion, except insofar as those exhibits also are attached to the FAC. The Acknowledgement of Inquiry Filing is not attached to the FAC.

Even accepting Exhibit 8 as a proffer of allegations that Khan could add to his pleading if

given leave amend, it is clear that the exhibit does not demonstrate exhaustion. Administrative exhaustion requires the filing of "a verified complaint, in writing, that states the particulars of the alleged discriminatory practice, and the names and addresses of those alleged to have committed it." *Rodriguez*, 265 F.3d at 897 n.5. Submission of information to the DFEH by means other than a verified written complaint is not sufficient to satisfy the administrative exhaustion requirement. *See Watson v. Chubb & Sons, Inc.*, 32 F. App'x 827, 828 (9th Cir. 2002) (holding that submission of a pre-complaint questionnaire was insufficient to exhaust administrative remedies with respect to the plaintiff's disability claims); *Davenport v. Bd. of Trustees of State Ctr. Cmty. Coll. Dist.*, 654 F. Supp. 2d 1073, 1089 (E.D. Cal. 2009) ("Neither unverified written information nor oral information relayed to DFEH may substitute for a formal administrative charge."). Accordingly, Khan's pre-complaint inquiry to the DFEH could not exhaust any claims beyond those encompassed in his DFEH Complaint.

### ii.  Uncompleted Attempt to Amend DFEH Complaint does not Cure Failure to Exhaust

Khan also suggests that his uncompleted attempt to amend his DFEH Complaint somehow cures his failure exhaust. In his opposition, Khan asserts that he started the process to amend his DFEH Complaint in or around September 2017, and that a DFEH intake consultant named Robert Isenberg sent Khan an email dated September 7, 2017 indicating that Khan needed to sign the proposed amendment. *See* Opp. at 5, ECF 55. Khan submits Mr. Isenberg's email as Exhibit 3 to his opposition brief. *See* Pl.'s Opp. Exh. 3, ECF 55. As discussed above, the Court will consider Mr. Isenberg's email because it also is attached as Exhibit 12 to the FAC.

Mr. Isenberg's email does not advance Khan's position. Khan concedes in his opposition that he never signed the proposed amendment to his DFEH Complaint referenced in Mr. Isenberg's email and never finished the amendment process. *See* Pl.'s Opp. at 5-6. Khan has not cited, and the Court has not discovered, any authority for the proposition that an uncompleted attempt to amend an administrative complaint can expand the scope of the administrative complaint.

### iii. DFEH's Acceptance of Untimely Administrative Charge not Binding on the Court

Khan argues that the DFEH's acceptance of his administrative charge indicates that it was timely. "However, that argument lacks merit, because the administrative agency's acceptance and/or investigation of an untimely charge is not binding on the court with respect to the question of timeliness." *Muhammad v. Sams Club*, No. 2:14-CV-0213-TLN-KJN, 2014 WL 7150254, at *4 (E.D. Cal. Dec. 15, 2014) (collecting cases).

### iv. No Basis for Equitable Relief

To the extent that Khan asserts that he is entitled to equitable relief from the administrative exhaustion requirement, such assertion is wholly unsupported on this record. In *Rodriguez*, the Ninth Circuit observed that "[t]he administrative time limits prescribed by FEHA are treated as equivalent to statutes of limitations and are subject to equitable doctrines such as waiver, estoppel, and tolling." *Rodriguez*, 265 F.3d at 900. For example, equitable relief from the administrative exhaustion requirement may be available to "a discrimination plaintiff who (1) diligently pursued his claim; (2) was misinformed or misled by the administrative agency responsible for processing his charge; (3) relied in fact on the misinformation or misrepresentations of that agency, causing him to fail to exhaust his administrative remedies; and (4) was acting pro se at the time." *Id.* at 902. Thus in *Rodriguez*, the Ninth Circuit reversed summary judgment for the defendant for lack of timely administrative exhaustion based on the plaintiff's affidavit stating that he failed to file a timely administrative charge of mental disability discrimination because the DFEH misled him into believing that he could not pursue such a charge under FEHA. *See id.* at 900-02.

Here, Khan did not even submit his initial inquiry to DFEH until November 29, 2016, just days before expiration of the one-year period to file his administrative complaint. *See* Pl.'s Opp. at 11 and Exh. 8, ECF 55. Khan suggests that his lack of diligence should be excused because of his incarceration, but he states in his opposition that he was not remanded to state custody until September 2017, long after the December 1, 2016 deadline for administrative exhaustion. *See* Pl.'s Opp. at 5-6, ECF 55. Nothing in Khan's FAC or the record suggests that Khan's failure to file a timely DFEH Complaint was due to any misinformation provided by Mr. Isenberg (or

1    anyone else at DFEH). To the contrary, Khan asserts in his opposition that he acted on advice of

2    counsel when he decided to wait until November 29, 2016 to begin the administrative exhaustion

3    process with his submission of an inquiry filing. *See* Pl.'s Opp. at 11. He also concedes that the

4    reason he never amended his DFEH Complaint was because he was remanded to state custody

5    following his criminal conviction. *See* Pl.'s Opp. at 5-6.

6         Khan has failed to show that he timely exhausted his administrative remedies as to any of

7    his FEHA claims, or that he is entitled to equitable relief from the exhaustion requirement.

8                        **e.    Khan's Complaint was Untimely**

9         Even if Khan had timely exhausted his administrative remedies (which he did not), his

10   FEHA claims would be time-barred because he did not file this action within one year of the

11   DFEH's issuance of the right-to-sue letter. The right-to-sue letter was issued on July 24, 2017.

12   *See* Def.'s RJN Exh. C, ECF 44-1. Khan therefore had until July 24, 2018 to file a civil action.

13   *See Johnson*, 534 F.3d at 1127 (holding that a claimant who intends to file a civil FEHA action

14   "must file the claims within one year after the DFEH issues a right-to-sue letter"). He did not file

15   suit until August 21, 2018. *See* Notice of Removal Exh. A, ECF 1. While "equitable tolling will

16   be warranted where the defendants have induced the plaintiff to delay filing until after the statute

17   of limitations has run," the Court can "discern nothing in the record to suggest that the defendants'

18   conduct caused" Khan's untimely filing in this case. *Johnson*, 534 F.3d at 1127.

19        Khan argues that he attempted to file suit within the limitations period by sending a letter

20   complaint to the Santa Clara County Superior Court on July 20, 2018. *See* Opp. at 6, ECF 55.

21   Khan submits the Santa Clara County Superior Court's "New Complaint Return Letter" dated

22   August 1, 2018, indicating that the letter complaint had been rejected because it was not on

23   pleading paper and was not accompanied by a fee waiver request. *See* Opp. Exh. 10, ECF 55. The

24   Court cannot consider this evidence in evaluating Defendants' motion to dismiss the FAC.

25   However, even accepting the "New Complaint Return Letter" as a proffer of allegations that Khan

26   could add to the FAC if given leave to amend, Khan's unsuccessful attempt to file suit within the

27   limitations period does not cure the time bar. Khan has not cited, and the Court has not

28   discovered, authority for the proposition that an inmate's filing of a complaint after expiration of

United States District Court
Northern District of California

the limitations period is somehow rendered timely if the inmate submitted a defective complaint within the limitations period, where the defective complaint was rejected and unfiled by the superior court.

Khan's reliance on *Houston v. Lack*, 487 U.S. 266 (1988), is misplaced. In *Houston*, the Supreme Court established the prison mailbox rule as an exception to the general rule that a document is filed when the Clerk of Court receives it. *See Houston*, 487 U.S. at 270. The purpose of the rule was to addresses an inmate's inability to control delay between his or her delivery of a document to prison officials for mailing to the court, and the prison's mailing it to the court. *See id.* at 270-71. The Supreme Court deemed the inmate's notice of appeal to be filed at the time he delivered it to prison authorities for forwarding to the Clerk of Court, rather than on the date the notice of appeal actually was received by the Clerk. *Id.* at 276. Nothing in *Houston* suggests that the mailbox rule may be used as an end-run around a superior court's rejection of a defective complaint. Thus while Khan may rely on the mailbox rule to show that his letter complaint should be deemed received by the superior court on July 20, 2018, the date Khan allegedly gave it to prison officials for mailing, that letter complaint was *rejected* by the superior court as defective and it was never filed. Under those circumstances, operation of the mailbox rule does Khan little good.

### f. All FEHA Claims are Subject to Dismissal

Based on the foregoing, the Court concludes that all of Khan's FEHA claims are subject to dismissal for failure to timely exhaust administrative remedies. Even if Khan had exhausted administrative remedies (and he did not), his FEHA claims nonetheless would be time-barred because he did not file suit within the one-year limitations period.

The motion to dismiss is GRANTED as to Claims 1-6 and 12.[3]

### 4. Wrongful Termination in Violation of Public Policy (Claim 7)

In Claim 7, Khan asserts that he was wrongfully discharged in violation of public policy.

---

[3] Having determined that the FEHA claims are subject to dismissal as unexhausted and as time-barred, the Court need not and does not reach Defendants' additional argument that Khan has failed to plead the requisite elements of the FEHA claims.

Defendants argue that this claim is barred by the applicable two-year statute of limitations. Khan asserts that the claim is subject to a three-year statute of limitations.

Defendants are correct. "Under California law, claims of wrongful termination in violation of public policy are governed by the two-year statute of limitations for personal injury claims." *James v. Tempur Sealy Int'l, Inc.*, No. 18-CV-07130-SI, 2019 WL 176340, at *3 (N.D. Cal. Jan. 11, 2019); *see also Prue v. Brady Co./San Diego*, 242 Cal. App. 4th 1367, 1382 (2015) (claims for wrongful termination in violation of public policy are governed by California Code of Civil Procedure § 335.1, "providing a two-year statute of limitations for tort actions based on injuries to plaintiffs caused by the wrongful act or neglect of others"). Khan alleges that he was constructively discharge on December 1, 2015. *See* FAC ¶ 22.a. Accordingly, he had until December 1, 2017 to file suit. He did not file suit until August 21, 2018. *See* Notice of Removal Exh. A, ECF 1. His claim for wrongful termination therefore is time-barred.

The motion to dismiss is GRANTED as to Claim 7.

### 5. Violation of Labor Code § 1102.5 (Claim 8)

Claim 8 asserts a claim under California Labor Code § 1102.5, California's "whistleblower statute that protects an employee who discloses illegal conduct by prohibiting an employer from retaliating against an employee for such action." *Dowell v. Contra Costa Cty.*, 928 F. Supp. 2d 1137, 1152 (N.D. Cal. 2013). The statute prohibits retaliation for disclosure of illegal conduct to "a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate." Cal. Lab. Code § 1102.5(b). "To establish a prima facie case under § 1102.5, a plaintiff must show (1) she engaged in a protected activity, (2) her employer subjected her to an adverse employment action, and (3) there is a causal link between the two." *Dowell*, 928 F. Supp. 2d at 1154 (internal quotation marks and citation omitted). Khan alleges that he "raised complaints of illegality while he worked for defendants, and defendants retaliated against him by discriminating against him, harassing him, and taking adverse employment actions, including employment termination, against him." FAC ¶ 79.

Defendants argue that the claim is barred by the applicable three-year limitations period, and that Khan has failed to allege facts sufficient to state a claim. Khan argues that the claim is

not time-barred and is adequately alleged.

"Section 1102.5 does not provide its own statute of limitations." *Newton v. Bank of Am.*, No. CV 16-09581-AB (RAOx), 2018 WL 6219946, at *3 (C.D. Cal. Jan. 18, 2018). California courts and federal district courts are split as to whether to apply a three-year limitations period or a one-year period. *Id.* Defendants in the present case argue that a three-year period applies, and application of a three-year period is consistent with several recent decisions of district courts within the Ninth Circuit. *See, e.g., Newton*, 2018 WL 6219946, at *5; *Ayala*, 263 F. Supp. 3d at 917. This Court therefore applies a three-year limitations period to Khan's § 1102.5 claim.

The § 1102.5 claim, which is asserted only against SAP, is based on alleged retaliatory conduct during Khan's employment. *See* FAC ¶ 79. As discussed above, Khan alleges constructive termination on December 1, 2015. Khan therefore had until December 1, 2018 to file suit. Khan's original complaint was filed on August 21, 2018, within the three-year limitations period, and although it did not specifically allege a claim under § 1102.5, it did allege a claim of "whistleblower retaliation." *See* Notice of Removal Exh. A, ECF 1. In the FAC, Khan expressly alleged a whistleblower claim under § 1102.5 *See* FAC, ECF 41. Defendants contend that the current iteration of the § 1102.5 claim in the FAC is so substantially different from the "whistleblower" claim in the original complaint that the current § 1102.5 claim does not relate back to the filing of the original complaint. Absent relation back, the current § 1102.5 claim would be time-barred, as the FAC was filed after expiration of the three-year limitations period.

Defendants cite *Williams v. Boeing Co.*, 517 F.3d 1120, 1133 (9th Cir. 2008), for the proposition that a claim relates back to earlier-filed claims only if the two sets of claims "share a common core of operative facts such that the plaintiff will rely on the same evidence to prove each claim." Defendants argue that the § 1102.5 claim in the FAC does not relate back to claims in the original complaint. However, it appears to the Court that the § 1102.5 claim in the FAC, which is based on Defendants' alleged harassment, discrimination, retaliation, and termination of Khan's employment, does share a common core of operative facts with Khan's other claims of harassment, discrimination, retaliation, and termination. The Court therefore concludes that it is not clear that the § 1102.5 claim is time-barred.

The Court agrees with Defendants, however, that the § 1102.5 claim does not plead adequate facts. Khan does not allege what protected activity he engaged in, that is, what illegality he complained of and to whom. *See* FAC ¶¶ 77-82. He likewise does not allege what specific adverse employment action he suffered, nor does he allege facts showing a causal connection between his protected activity and the adverse action. *See id.* The § 1102.5 claim is subject to dismissal on those bases.

Defendants' motion to dismiss is GRANTED as to Claim 8.

### 6. Invasion of Privacy (Claims 9-10)

Claims 9 is for common law invasion of privacy, and Claim 10 is for violation of the right to privacy guaranteed by the California Constitution, Article 1, § 1. Defendants argue that Khan has not pled the requisite elements of these claims, the claims are preempted by workers' compensation exclusivity, and the claims are time-barred. Khan argues that he has adequately pled the claims, workers' compensation exclusivity does not apply, and the claims are timely.

In order to plead a common law invasion of privacy tort claim, a plaintiff must allege "(1) intrusion into a private place, conversation or matter (2) in a manner highly offensive to a reasonable person." *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012). To allege a violation of California's constitutional right to privacy, a plaintiff must allege: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant that amounts to a serious invasion of the protected privacy interest." *Id.* at 1024. Neither the common law privacy right nor the constitutional privacy right is absolute – an otherwise actional invasion of privacy may be legally justified if furthers a legitimate competing interest. *See Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 26, 38 (1994).

Khan alleges that his privacy rights were violated when SAP accessed and disclosed his "protected health information." *See* FAC ¶¶ 84, 94. It is unclear from the allegations of Claims 9 and 10 themselves what health information is at issue. Earlier in the FAC Khan alleges that SAP acquired Khan's private medical records and disclosed them to a "private practice Psychiatrist," and that SAP provided a report regarding Khan's medical records to the judge and prosecutor in

Khan's criminal case. FAC ¶ 24.c, d, e. Defendants correctly point out that these allegations do not provide sufficient information regarding the medical records at issue, or the circumstances of the alleged disclosure, to state a claim for invasion of privacy. Consequently, the Court concludes that Defendants have demonstrated that Khan's invasion of privacy claims fail to state a claim.

Defendants argue that disclosure of Khan's medical records to the judge and the prosecution in Khan's criminal case was pursuant to a legitimate competing interest. *See Baughman v. State of California*, 38 Cal. App. 4th 182, 190 (1995) ("Among the legitimate competing societal interests is the public interest in exposing and prosecuting serious crime."). Defendants also argue in their reply brief that Khan's privacy claims are barred by California's litigation privilege, California Civil Code § 47, to the extent the claims are based on SAP's participation in Khan's criminal proceedings. The Court concludes that it cannot determine, at this stage of the proceedings and on this record, whether SAP's alleged conduct was pursuant to a legitimate competing interest or whether it was protected by the litigation privilege of Civil Code § 47.

Defendants also argue that the invasion of privacy claims are barred by workers' compensation exclusivity. Workers' compensation provides the exclusive remedy "against an employer for any injury sustained by his or her employees arising out of and in the course of the employment." *Operating Engineers Local 3 v. Johnson*, 110 Cal. App. 4th 180, 185 (2003). "[A] two-step analysis normally is required to determine whether a claim is within the exclusive jurisdiction of the Workers' Compensation Appeals Board (WCAB)." *Id*. First, the court must determine whether the plaintiff is asserting a claim "for personal injury or death sustained in and arising out of the course and scope of employment." *Id*. at 185-86. If so, the court must "determine whether the acts or motives giving rise to the injury constitute a risk reasonably encompassed within the compensation bargain.' *Id*. at 186. Khan alleges conduct on the part of SAP after termination of his employment, and SAP's provision of Khan's medical records for use in his criminal prosecution does not appear to constitute a risk reasonably encompassed within the employment bargain.

Finally, Defendants argue that the privacy claims are time-barred. The statute of

limitations for an invasion of privacy claim is two years.  *See Saling v. Royal*, No. 2:13-CV-1039-TLN-EFB, 2015 WL 5255367, at *3 (E.D. Cal. Sept. 9, 2015) ("Under California law, the statute of limitations for a claim of tortious invasion of privacy is two years.").  It is not clear from the face of the FAC when Defendants allegedly acquired Khan's medical records and provided them to others.  *See* FAC ¶ 24.  Thus it is not apparent that the alleged invasion of privacy occurred more than two years before Khan filed suit on August 21, 2018.

However, as discussed above, Khan has failed to plead facts sufficient to state a claim for invasion of privacy.  Accordingly, the motion to dismiss is GRANTED as to Claims 9 and 10.

### 7.    IIED (Claim 11)

Claim 11 is for intentional infliction of emotional distress ("IIED").  Defendants argue that this claim is barred by the statute of limitations and by workers' compensation exclusivity.  Khan argues that the claim is not time-barred and not subject to workers' compensation exclusivity.

The statute of limitations for an IIED claim is two years.  *Torres v. Unum Life Ins. Co. of Am.*, No. C 08-1940 MHP, 2009 WL 69358, at *3 (N.D. Cal. Jan. 9, 2009).  Khan's IIED claim is based on Defendants' alleged "discriminatory, harassing, and retaliatory actions" during the course of Khan's employment.  *See* FAC ¶¶ 104-06.  Khan's employment with SAP terminated on December 1, 2015.  *See*  FAC ¶ 22.a.  Khan therefore had until December 1, 2017 to file suit.  He did not file this action until August 21, 2018.  *See* Notice of Removal Exh. A, ECF 1.  The claim therefore is time-barred.  Having reached this conclusion, the Court need not address Defendants' alternative argument based on workers' compensation exclusivity.

The motion to dismiss is GRANTED as to Claim 11.

### 8.    Leave to Amend is Granted Only as to Claims 8, 9, and 10

Having determined that Khan's claims are subject to dismissal, the Court must decide whether leave to amend is warranted.  Leave ordinarily must be granted unless one or more of the following factors is present:  (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors).

The Court finds no undue delay (factor 1) or bad faith (factor 2).  However, despite Defendants' prior motion to dismiss the original complaint, and Khan's subsequent filing of the FAC, Khan has not come close to alleging a viable claim (factor 3).  Moreover, as to most of Khan's claims, it is clear that he would not be able to cure the defects noted herein even if granted further leave to amend.  There is no possibility that Khan could allege exhaustion of administrative remedies with respect to his FEHA claims, or that he could plead around the statute of limitations bars to his FEHA, wrongful termination, and IIED claims.  Under these circumstances, allowing Khan further leave to amend Claims 1-7 or 11-12 would be futile (factor 5) and thus unduly prejudicial to Defendants (factor 4).

However, futility of amendment is not absolutely clear with respect to Claim 8 for violation of Labor Code § 1102.5 and Claims 9-10 for violation of privacy rights.  The Court has grave reservations about Khan's ability to allege additional facts necessary to cure the defects in those claims, as the facts contained in Khan's opposition brief and exhibits thereto are not sufficient to state a claim for relief.

With respect to Claim 8, it is entirely unclear what whistleblowing activities Khan engaged in that would give rise to a claim under Labor Code § 1102.5.  Nor does Khan allege facts sufficient to show that he was subjected to adverse employment action because of whistleblowing activity.  If Khan chooses to amend his § 1102.5 claim, he must allege specifically what illegality he disclosed, to whom, and the circumstances of that disclosure.  He also must allege facts showing that he suffered adverse employment action *because* of his whistleblowing activity and what that adverse employment action was.

With respect to Claims 9 and 10, Khan accuses SAP of invading his privacy rights by disclosing medical information to the judge and prosecutor involved in his criminal case, but his opposition brief suggests that his own lawyer may have disclosed the medical information.  *See* Pl.'s Opp. at 57, ECF 55 (stating that "defense attorney Nafiz Ahmed" gave Khan's medical records to the district attorney).  One of the exhibits Khan attaches to his opposition brief appears to be a partial transcript from his criminal proceedings, and it indicates that Khan agreed to undergo a court-ordered psychiatric or psychological evaluation prior to sentencing.  *See* Pl.'s

Opp. Exh. 19. If Khan chooses to amend Claims 9 and 10, he must allege with specificity what records SAP obtained, to whom SAP gave the records, and the circumstances of the disclosure. Khan also must allege that his medical records were not provided to the prosecutor and/or the court by his own lawyer or in response to his lawyer's request for a medical evaluation.

Defendants' motion to dismiss is GRANTED. WITHOUT LEAVE TO AMEND as to Claims 1-7 and 11-12 and WITH LEAVE TO AMEND as to Claims 8-10.

## III. ORDER

(1) The Clerk shall correct the clerical error with respect to the electronic filing of the FAC, noted at page 2, above;

(2) Plaintiff's motion to remand this case to the Santa Clara County Superior Court is DENIED;

(3) Defendant's motion to dismiss the FAC is GRANTED, WITHOUT LEAVE TO AMEND as to Claims 1-7 and 11-12 and WITH LEAVE TO AMEND as to Claims 8-10;

(4) Khan must give any amended complaint to prison staff for mailing to the Court on or before December 5, 2019; and

(5) Leave to amend is limited to Claims 8-10 asserted against SAP. Plaintiff MAY NOT reassert any claims against Le or Shirole, and may NOT reassert claims against SAP other than Claim 8-10. Plaintiff may not add any new claims or parties in the amended complaint. If Plaintiff submits an amended complaint that violates this order, such amended complaint will be stricken immediately.

Dated: November 4, 2019

BETH LABSON FREEMAN
United States District Judge