United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MUHAMMAD KHAN, | Case No. 18-cv-07490-BLF |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART WITHOUT LEAVE TO AMEND AND DENYING IN PART DEFENDANT SAP LABS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| SAP LABS, LLC; JENNY LE; and SANJAY SHIROLE, | |
| Defendants. | [Re: ECF 67] |

The only defendant remaining in this action, SAP Labs, LLC ("SAP"), moves to dismiss the operative second amended complaint ("SAC") under Federal Rule of Civil Procedure 12(b)(6). *See* Mot. to Dismiss, ECF 67.  SAP's motion was filed on February 21, 2020.  *See id.*  Plaintiff Muhammad Khan ("Khan") requested and received three extensions of time to file opposition to the motion, thus extending his deadline to oppose from March 6, 2020 to June 26, 2020.  *See* Orders Extending Time, ECF 69, 71, 78.  Khan did not file opposition by the June 26 deadline and still has not done so.  The Court has submitted SAP's motion to dismiss for decision without oral argument.  *See* Order Vacating Hearing, ECF 71.

For the reasons discussed below, SAP's motion to dismiss is GRANTED IN PART WITHOUT LEAVE TO AMEND, AND DENIED IN PART.

## I.   BACKGROUND[1]

Khan left his managerial position at Defendant SAP in December 2015.  SAC ¶ 34.  The following month, someone set fire to the residence of Khan's former SAP supervisor, Defendant Sanjay Shirole ("Shirole"), while Shirole and his family were asleep inside.  *See People v. Khan*, 41 Cal.App.5th 460, 469-70 (2019), *pet. for review granted*, 257 Cal. Rptr. 3d 784 (Cal. Jan. 29, 2020).  Khan was arrested for the arson offense.  SAC ¶ 39.a.  Following a jury trial, Khan was convicted of arson of an inhabited structure by use of a device designed to accelerate the fire, and he currently is serving a nine-year term of imprisonment.  *See People v. Khan*, 41 Cal.App.5th at 466.

Khan filed this *pro se* employment discrimination action from prison approximately one year after his arson conviction and more than two years after separating from SAP.  Notice of Removal Exh. A, ECF 1.  He sued SAP, Shirole, and human resources employee Jenny Le ("Le"), asserting that Defendants had subjected him to a hostile work environment, harassment, discrimination, and retaliation in violation of federal and state laws.  *See id.*  Following removal of the action, the Court issued an order ("Prior Dismissal Order") dismissing all claims against Shirole and Le as time-barred and for failure to exhaust administrative remedies.  *See* Prior Dismissal Order, ECF 58.  The Court also dismissed all claims against SAP, but it granted leave to amend as to three claims:  violation of California Labor Code § 1102.5, violation of privacy rights under California common law, and violation of privacy rights under the California Constitution. *See id.*

Consistent with the Prior Dismissal Order, Khan filed the operative SAC against SAP only, asserting claims for:  (1) violation of California Labor Code § 1102.5; (2) common law invasion of privacy; and (3) violation of privacy rights under the California Constitution, Article I, § 1.  *See* SAC, ECF 63.

---

[1] The background facts are drawn from the allegations of the SAC, which are accepted as true for purposes of the motion to dismiss, *see Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011), and from documents incorporated into the SAC by reference and matters which are subject to judicial notice, *see Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016).

United States District Court
Northern District of California

## II.    LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citation omitted).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When evaluating a Rule 12(b)(6) motion, the district court is limited to the allegations of the complaint, documents incorporated into the complaint by reference, and matters which are subject to judicial notice. *Louisiana Mun. Police Employees' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1063 (9th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

## III.   DISCUSSION

SAP contends that Khan has not adequately pled his claims for violation of California Labor Code § 1102.5 (Claim 1) and violation of privacy rights (Claims 2 and 3).  As noted above, Khan has not filed opposition.

"Plaintiff's failure to oppose a Rule 12(b)(6) motion is not by itself grounds to dismiss this complaint." *Singh v. Collectibles Mgmt. Res.*, No. 116CV00835LJOBAM, 2016 WL 5846997, at *2 n.1 (E.D. Cal. Oct. 5, 2016).  "Even if the plaintiff does not file a response to a motion to dismiss under Rule 12(b)(6), the district court must examine the allegations in the plaintiff's complaint and determine whether the plaintiff states a claim upon which relief can be granted." *Furnace v. Evans*, No. C 06-4229 MMC PR, 2008 WL 160968, at *4 (N.D. Cal. Jan. 15, 2008). [2]

---

[2] Where a district's civil local rules expressly provide that failure to oppose a Rule 12(b)(6) motion constitutes consent to granting the motion, the district court may dismiss based solely on lack of opposition. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Such dismissal is based on failure to comply with the court's local rules rather than on the merits. *See id.*  This district's civil local rules do not contain such a provision, and courts in this district have held that failure to oppose a Rule 12(b)(6) motion is not itself an adequate ground for granting the motion. *See, e.g.,*

1    Accordingly, the Court addresses the arguments raised in SAP's motion to dismiss as follows.

2          **A.      SAP's Request for Judicial Notice**

3          SAP has filed a request for judicial notice ("RJN") in connection with its Rule 12(b)(6)

4    motion to dismiss.  *See* Def.'s RJN, ECF 67-1.  Specifically, SAP asks the Court to take judicial

5    notice of five documents, attached to the RJN as Exhibits A-E:  the FAC filed in this action (Exh.

6    A); the Felony Abstract of Judgment showing Khan's arson conviction (Exh. B); the original

7    complaint in this action (Exh. C); and two prior orders issued by this Court in this action (Exhs. D,

8    E).  Judicial notice is proper as to all of these documents.  *See Reyn's Pasta Bella, LLC v. Visa*

9    *USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and

10   other matters of public record.").

11         SAP's request for judicial notice is GRANTED.

12         **B.      California Labor Code § 1102.5 (Claim 1)**

13         Claim 1 asserts that SAP violated California Labor Code § 1102.5, California's

14   "whistleblower statute that protects an employee who discloses illegal conduct by prohibiting an

15   employer from retaliating against an employee for such action."  *Dowell v. Contra Costa Cty.*, 928

16   F. Supp. 2d 1137, 1152 (N.D. Cal. 2013).  The statute prohibits retaliation for disclosure of illegal

17   conduct to "a government or law enforcement agency, to a person with authority over the

18   employee or another employee who has the authority to investigate."  Cal. Lab. Code § 1102.5(b).

19   "To establish a prima facie case under § 1102.5, a plaintiff must show (1) she engaged in a

20   protected activity, (2) her employer subjected her to an adverse employment action, and (3) there

21   is a causal link between the two."  *Dowell*, 928 F. Supp. 2d at 1154 (quotation marks and citation

22   omitted).

23         The Court previously dismissed Khan's § 1102.5 claim as alleged in the FAC.  *See* Prior

24   Dismissal Order at 22, ECF 58.  Khan had alleged that he raised complaints of illegality while

25   working at SAP and that Defendants retaliated against him by discriminating against him,

26   harassing him, and taking adverse employment actions against him.  *See id.*  The Court determined

27

28   *Furnace*, 2008 WL 160968, at *4 ("A motion to dismiss may not be granted solely because a
     plaintiff has not filed an opposition.").

United States District Court
Northern District of California

United States District Court
Northern District of California

1   that Khan had failed to allege what protected activity he engaged in, what adverse employment

2   actions he suffered, and what facts showed a causal connection between his protected activity and

3   the adverse employment actions. *See id.* at 24.

4       Khan has address these deficiencies through amendment of his pleading.  SAP contends

5   that the SAC does not adequately plead the elements of a claim under § 1102.5.  The Court

6   addresses each element of the claim in turn.

### 1.       Protected Activity

8       SAP does not challenge the adequacy of Khan's allegations that he engaged in protected

9   activity, and the Court finds that Khan has alleged facts sufficient to meet this element of his

10   claim.  Khan alleges that he engaged in protected activity by reporting his supervisor Shirole's

11   discriminatory and harassing conduct to appropriate SAP personnel.  SAC ¶ 57.  Specifically,

12   Khan states that he complained to HR employees Prasad, Jenny Le, and Jewell Parkinson, and to

13   Shirole's supervisor Priya.  SAC ¶¶ 57.a, 57.b, 57.d.

14       Shirole's alleged misconduct dates back to April 2014, when Shirole became Khan's

15   immediate supervisor.  SAC ¶ 13.k.  Shirole constantly told Khan that he was overweight, insisted

16   on racing Khan, and laughed at Khan's slowness.  SAC ¶ 13.m.  Shirole also made comments

17   about Khan's sexuality, stating that Khan was gay and should come out.  SAC ¶ n.  Shirole made

18   degrading comments about Khan to others, such as "I ride Khan like a tiger."  SAC ¶ 13.o.

19   Shirole did nothing to reprimand another employee who pushed Khan.  SAC ¶ 13.ac.  Shirole's

20   harassment of Khan lasted from April 2014 through 2015.  SAC ¶ 17.  Khan claims that he was

21   constructively discharged as of December 1, 2015.  SAC ¶ 34.a.

22       Khan's reporting of Shirole's alleged harassing and discriminatory conduct to HR and

23   supervisory employees constitutes protected activity under § 1102.5.  *See Pruitt v. Genentech,*

24   *Inc.*, No. 2:17-CV-00822-JAM-AC, 2017 WL 3641783, at *2 (E.D. Cal. Aug. 24, 2017) (report of

25   discriminatory conduct to HR employees constitutes protected activity under § 1102.5); *Cordell v.*

26   *PICC Lines Plus LLC*, No. 16-CV-01814-TEH, 2016 WL 4702654, at *5 (N.D. Cal. Sept. 8,

27   2016) ("[P]rotection under section 1102.5(b) is, in fact, available to employees who report

28   internally to supervisors or to other employees with authority to investigate alleged misconduct.").

2.      **Adverse Employment Actions**

Khan alleges that he was subjected to numerous adverse employment actions, including being denied further work and opportunities, being denied pay and wages, being replaced, and being constructively discharged.  SAC ¶ 57.c.  Khan also alleges that he was placed on unpaid leave.  SAC ¶ 57.d.  All of these actions could qualify as adverse employment actions under California's "materiality test," which looks to "the entire spectrum of employment actions that are reasonably likely to adversely and materially affect an employee's job performance *or opportunity for advancement in his or her career*."  *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1389 (2005) (quotation marks and citation omitted, emphasis added).  "[T]he test must be interpreted liberally . . . with a reasonable appreciation of the realities of the workplace."  *Id.* (quotation marks and citation omitted).  Certainly "constructive discharge is a materially adverse employment action" for purposes of § 1102.5.  *Kasbarian v. Equinox Holdings, Inc.*, 739 F. App'x 397, 401 (9th Cir. 2018).  Being required to take unpaid leave also can constitute an adverse employment action.  *See Umbarger v. Jurupa Unified Sch. Dist.*, No. 5:18-CV-00332-SVW-SP, 2020 WL 3628707, at *1 (C.D. Cal. May 6, 2020) (allegation that employee was required to take unpaid leave sufficient to show adverse employment action for purposes of retaliation claim).

SAP argues that some of the alleged employment actions are not "adverse."  For example, SAP asserts that "it is difficult to imagine how Khan going out on leave constitutes an adverse employment action by SAP when documents Khan attached to his complaint reveal that *Khan wanted to take a leave*."  Mot. to Dismiss at 10, ECF 67.  SAP does not identify what documents in the record show that Khan voluntarily chose to take unpaid leave.  Some allegations of the SAC and some documents attached thereto do suggest that the unpaid leave could have related to Khan's applications for leave under the Family Medical Leave Act and for short term disability coverage.  *See* SAC ¶¶ 23, 27 & Exh. 7.  However, the Court cannot accept SAP's invitation to determine as a factual matter that Khan's unpaid leave was of his own making, because other allegations in the SAC state unequivocally that Le put Khan on unpaid leave in retaliation for reporting workplace harassment and discrimination.  *See* SAC ¶¶ 26, 57.d.  Khan specifically alleges that after he was placed on leave he asked to return to work, and Le denied the request.

United States District Court
Northern District of California

1    SAC ¶ 26.  Reading Khan's allegations liberally, and drawing all reasonable inferences in his

2    favor, the Court concludes that Khan has alleged that the unpaid leave was an adverse employment

3    action.

4         SAP argues that Khan's allegations that his accrued vacation, sick days, and PTO were

5    invalidated are insufficient because Khan does not allege that he actually had accrued vacation

6    time, sick time, or PTO.  The Court reads Khan's allegations that "all of his accrued vacation, sick

7    days, and PTO" were "invalidated and removed" to mean that Khan had accrued time of which he

8    was deprived.  SAC ¶ 24.  SAP argues that even if Khan were deprived of accrued time, such

9    deprivation does not rise to the level of an adverse employment action.  In support if this

10   argument, SAP relies on *Canupp v. Children's Receiving Home of Sacramento*, 181 F. Supp. 3d

11   767, 790 (E.D. Cal. 2016), for the proposition that minor or trivial actions that "are reasonably

12   likely to do no more than anger or upset an employee" do not constitute adverse employment

13   actions.  SAP's reliance on *Canupp* is misplaced, as that case did not address whether invalidation

14   of accrued vacation, sick days, and PTO constitutes adverse employment, or suggest that such

15   conduct could be viewed as trivial.  *Canupp* held that "the definition of adverse employment

16   actions must be interpreted liberally and with a reasonable appreciation of the realities of the

17   workplace."  *Id*. (quotation marks and citation omitted).  The Court finds unpersuasive SAP's

18   conclusory assertion that invalidation of  accrued vacation, sick days, and PTO cannot be viewed

19   as adverse employment actions.

20        SAP argues that "Khan's resignation does not constitute an adverse employment action."

21   Mot. to Dismiss at 11, ECF 67.  Khan does not allege that he resigned – he alleges that workplace

22   harassment and discrimination were so intolerable as to constitute constructive discharge.  SAC ¶

23   34.a.  SAP argues that Khan has not alleged the elements of a constructive discharge claim.  SAP

24   has not identified any authority requiring that Khan go beyond identifying the alleged adverse

25   employment action for purposes of a § 1102.5 claim.  Khan has alleged that he was constructively

26   discharged, and as discussed above, constructive discharge is an adverse employment action.  *See*

27   *Kasbarian*, 739 F. App'x at 401.  Moreover, the Court is not persuaded by SAP's argument that

28   Shirole's alleged conduct could not have created conditions constituting a constructive discharge.

United States District Court
Northern District of California

1    Accordingly, the Court concludes that Khan has alleged that he suffered adverse

2  employment action.

3            **3.    Causal Link**

4    It is not enough to allege protected activity and adverse employment action.  Khan also

5  must allege facts showing a causal link between the two.  Khan alleges that "[a] causal link exists

6  between the protected activity and the alleged adverse actions by circumstantial evidence."  SAC ¶

7  57.d.  "[T]he causal link may be established by an inference derived from circumstantial evidence,

8  such as the employer's knowledge that the [employee] engaged in protected activities and the

9  proximity in time between the protected action and allegedly retaliatory employment decision."

10  *Muir v. City of Placentia*, No. 8:19-cv-01719-JLS-ADS, 2019 WL 8195237, at *4 (C.D. Cal. Nov.

11  21, 2019) (quotation marks, citation, and emphasis omitted).  "[E]ssential to a causal link is

12  evidence that the employer was aware that the plaintiff had engaged in the protected activity."  *Id.*

13  (quotation marks and citation omitted).

14    As noted above, Khan alleges that he reported Shirole's unlawful conduct to HR

15  employees Prasad, Le, and Parkinson, and to Shirole's supervisor Priya.  Khan alleges no facts

16  showing a causal link between his reporting to Prasad, Parkinson, and Priya and any of the alleged

17  adverse employment actions.  Khan alleges that he "was also denied a fellowship and training after

18  complaining to "Prasad" and "Priya.""  SAC ¶ 57.d.  However, Khan does not allege that Prasad

19  or Priya were decision makers who denied him fellowship and training opportunities.

20    Khan alleges that *Shirole* denied him certain fellowship and training opportunities.  *See*

21  SAC ¶ 21.  However, Khan does not allege that Shirole knew about Khan's protected activity.

22  The only allegation arguably addressing Shirole's knowledge is an allegation that shortly after

23  Khan's conversations with Prasad and Priya, Shirole told Khan, "you went above me."  SAC ¶ 19.

24  That statement, standing alone, is insufficient to show that Shirole knew about Khan's protected

25  activity.  Shirole could have been referring to any number of things.  Khan himself characterizes

26  Shirole's statement as similar to a prior incident having nothing to do with protected activity, in

27  which Shirole did not want a female intern named Josefin to be "above him" in the sense of being

28  assigned to an operations team that was structurally above Shirole's team.  SAC ¶ 19.  The Court

8

1    therefore concludes that Khan has not alleged a causal link between his reporting to Prasad,

2    Parkinson, and Priya and the alleged adverse employment actions imposed by Shirole.[3]

3         However, the Court finds that Khan has alleged a causal link between his reporting to Le

4    and being placed on unpaid leave.  Khan alleges that he "lodged a complaint to LE," and that Le

5    responded by placing him on indefinite unpaid leave.  SAC ¶¶ 26, 57.d.  In correspondence from

6    Khan to SAP, Khan stated that his grievances regarding sexual harassment had been assigned to

7    Le and Le had placed him on unpaid leave while his grievances were investigated.  *See* Dec. 10,

8    2015 email, Def.'s RJN Exh. A, ECF 67-1 at page 77 of 143.  Khan also alleges that when he ran

9    short of funds and asked Le if he could come back to work, Le said no.  SAC ¶ 26.  These

10   allegations are sufficient to give rise to a reasonable inference that Le's placing Khan on unpaid

11   leave was in retaliation for Khan's protected reporting activity.

12        Khan has not alleged facts showing a causal link between his reporting to Le and any of

13   the other adverse employment actions described in the SAC.  There are no facts in the SAC from

14   which it could be inferred that Le denied Khan training, invalidated Khan's accrued time, or

15   contributed to a hostile work environment.  Accordingly, the only viable § 1102.5 claim Khan has

16   alleged is a claim that SAP, acting through Le, placed Khan on unpaid leave in retaliation for

17   Khan's protected reporting to Le regarding Shirole's allegedly unlawful conduct.

18        SAP's motion to dismiss is DENIED as to Claim 1 for violation of § 1102.5, but only to

19   the extent the claim is based on SAP's alleged retaliation against Khan for his protected reporting

20   to Le.  This ruling is without prejudice to a motion for summary judgment, if appropriate.  On a

21   more fully developed record, SAP may be able to establish either that Khan voluntarily took

22   unpaid leave or that the imposition of unpaid leave was not in retaliation for protected activity.

23        **C.    Invasion of Privacy (Claims 2 and 3)**

24        Claim 2 is for common law invasion of privacy, and Claim 3 is for violation of the right to

25   privacy guaranteed by the California Constitution, Article 1, § 1.  In order to plead a common law

26

27   [3] Having reached this conclusion, the Court need not address SAP's argument that Khan's current
     theory that Shirole retaliated against him for reporting harassment (protected activity) should be
28   rejected as "sham" on the ground that it contradicts Khan's prior theory that Shirole retaliated
     against him for wanting to leave Shirole's team (not protected activity).

United States District Court
Northern District of California

1   invasion of privacy tort claim, a plaintiff must allege "(1) intrusion into a private place,

2   conversation or matter (2) in a manner highly offensive to a reasonable person." *Low v. LinkedIn*

3   *Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012).  To allege a violation of California's

4   constitutional right to privacy, a plaintiff must allege: "(1) a legally protected privacy interest; (2)

5   a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant that

6   amounts to a serious invasion of the protected privacy interest." *Id*. at 1024.

7        The Court previously dismissed Khan's privacy claims as alleged in the FAC.  *See* Prior

8   Dismissal Order at 26, ECF 58.  Khan had alleged that his privacy rights were violated when SAP

9   accessed and disclosed his "protected health information." *Id*.  The Court determined that Khan

10  had not adequately alleged what health information was accessed or the circumstances of the

11  disclosure.  *See id.*  Khan has attempted to address these deficiencies by adding new factual

12  allegations to his pleading.  SAP argues that Khan still has not pled a viable claim for invasion of

13  privacy.  The Court agrees.

14       Khan now alleges that his own attorney, Nafiz Ahmed, provided Khan's medical records to

15  the district attorney prosecuting Khan for arson.  SAC ¶¶ 39.d, 39.e.  The district attorney

16  allegedly gave Khan's medical records to Thomas Nolan, an attorney retained by SAP.  SAC ¶¶

17  39.b, 39.f.  Khan alleges that Nolan "accessed, reviewed, and disclosed" Khan's medical

18  information, but he does not allege to whom the disclosure was made or the circumstances of the

19  disclosure.  SAC ¶ 39.i.  Khan alleges that "Defendants" provided the medical records to a Dr.

20  Greene, who prepared a report.  SAC ¶ 39.k.  Khan attaches a single page of what appears to a

21  transcript of criminal court proceedings in which the Judge indicated that Khan's counsel, Charles

22  Smith, asked the Court to review a letter from Dr. Greene.  *See* SAC ¶ 39.m, Exh. 10.  Khan's

23  counsel apparently was relying on Dr. Greene's opinion to assert that Khan was suffering from

24  mental illness.  *See id.*

25       These allegations are insufficient to state a claim for invasion of privacy against SAP.

26  First, Khan's allegations regarding conduct of "Defendants" is too vague to show conduct on the

27  part of SAP.  While the Nolan's conduct arguably may be attributed to SAP, the only specific fact

28  alleged with respect to him is that he received Khan's medical records from the district attorney.

United States District Court
Northern District of California

United States District Court
Northern District of California

However, Khan does not allege the nature of the medical records, the circumstances of the transmission of the medical records, or any facts suggesting that Nolan acted improperly other than the bare receipt of the medical records. While Khan alleges that Nolan "disclosed" the medical records, he does not say to whom. It appears that some unidentified person gave the medical records to a Dr. Greene, and that Dr. Greene's findings were presented to the state court in connection with Khan's criminal prosecution. To the extent Khan's privacy claims are based on disclosure of his medical information to the state court, it is clear from the transcript excerpt attached to the SAC that *Khan's own counsel* cited Dr. Greene's findings to the state court.

"Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 37 (1994). "Thus, the extent and gravity of the invasion is an indispensable consideration in assessing an alleged invasion of privacy." *Id.* The facts alleged in the SAC are simply insufficient to meet the "high bar" for privacy claims under the California Constitution and the common law. *See Low*, 900 F. Supp. 2d at 1025 ("The California Constitution and the common law set a high bar for an invasion of privacy claim."). Khan's privacy claims are subject to dismissal on this basis.

SAP argues that even if Khan had alleged facts showing that SAP invaded his privacy, any such invasion was justified. "Invasion of a privacy interest is not a violation of the state constitutional right to privacy if the invasion is justified by a competing interest." *Med. Bd. of California v. Chiarottino*, 225 Cal. App. 4th 623, 631-32 (2014) (quotation marks and citation omitted). SAP cites *Med. Bd. of California v. Chiarottino*, 225 Cal. App. 4th 623, 631-32 (2014) (quotation marks and citation omitted). "Among the legitimate competing societal interests is the public interest in exposing and prosecuting serious crime." *Baughman v. State of California*, 38 Cal. App. 4th 182, 190 (1995). SAP asks the Court to determine as a matter law that the public interest in seeing Khan prosecuted for arson outweighs any privacy interest Khan had in his medical records. This Court cannot make that determination on this record. However, the Court need not do so in order to dismiss Khan's privacy claims, because as discussed above, Khan has not alleged facts sufficient to show an actionable invasion of privacy by SAP.

SAP's motion to dismiss is GRANTED as to Claims 2 and 3.

**D.      Leave to Amend Claims 2 and 3 is not Warranted**

Having determined that Claims 2 and 3 are subject to dismissal, the Court must decide whether leave to amend is warranted.  Leave ordinarily must be granted unless one or more of the following factors is present:  (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, and (5) futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (discussing *Foman* factors).

The Court finds no undue delay (factor 1) or bad faith (factor 2).  However, Khan has failed to cure the deficiencies in his privacy claims despite the opportunity for amendment and the Court's specific guidance in its Prior Dismissal Order (factor 3).  Forcing SAP to continue litigating these claims would impose undue prejudice on it (factor 4), as there is no indication on this record that Khan could state a viable claim for invasion of privacy even if granted leave to amend (factor 5).

After consideration of the *Foman* factors, the Court concludes that leave to amend is not warranted with respect to Claims 2 and 3.  Dismissal of Claims 2 and 3 therefore is WITHOUT LEAVE TO AMEND.

**IV.   ORDER**

    (1)    SAP's motion to dismiss the SAC is GRANTED IN PART WITHOUT LEAVE TO AMEND, AND DENIED IN PART, as follows:

        (a)    The motion is DENIED as to Claim 1 for violation of California Labor Code § 1102.5, as set forth herein;

        (b)    The motion is GRANTED WITHOUT LEAVE TO AMEND as to Claims 2 and 3 for invasion of privacy;

    (2)    SAP SHALL file an answer on or before August 19, 2020; and

    (2)    This order terminates ECF 67.

Dated:  July 29, 2020

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California