1

2                          UNITED STATES DISTRICT COURT

3                        NORTHERN DISTRICT OF CALIFORNIA

4                                 SAN JOSE DIVISION

5

6      MUHAMMAD KHAN,                            Case No.  18-cv-07490-BLF

7                    Plaintiff,                  **ORDER DENYING PLAINTIFF'S
                                                 MOTION FOR LEAVE TO FILE
8             v.                                 THIRD AMENDED COMPLAINT; AND
                                                 DENYING PLAINTIFF'S MOTION
9      SAP LABS, LLC,                            FOR RELIEF FROM SCHEDULING
                                                 ORDER**
10                   Defendant.
                                                 [Re:  ECF 109, 113]
11

12

13          Before the Court are Plaintiff Muhammad Khan's ("Khan") motion for leave to file a third

14   amended complaint ("Motion for Leave"), *see* ECF 109, and motion for relief from the scheduling

15   order ("Motion for Relief"), *see* ECF 113.  Defendant SAP Labs, LLC ("SAP") opposes both

16   motions, *see* ECF 110, 115.

17          Khan's motions are DENIED for the reasons discussed below.

18   **I.     BACKGROUND**

19          Khan filed this *pro se* employment discrimination action from prison, where he is serving a

20   nine-year sentence for setting fire to the residence of his former SAP manager, Sanjay Shirole.

21   Khan's original complaint, which was filed in the Santa Clara County Superior Court on August

22   21, 2018, alleged that Shirole and others harassed and discriminated against him on the basis of

23   race and sexual orientation, and retaliated against him for complaining about the alleged

24   harassment and discrimination.  *See* Not. of Removal, Johnsrud Decl. Exh. 4 (Complaint), ECF 1-

25   4. Defendants removed the action to federal district court in December 2018.  *See* Notice of

26   Removal, ECF 1.

27          The parties filed numerous motions over the next year and a half, from January 2019

28   through June 2020.  Defendants filed four motions during that period:

United States District Court
Northern District of California

1   (1)   motion to dismiss the complaint, *see* ECF 7;

2   (2)   motion to dismiss the first amended complaint ("FAC"), *see* ECF 44;

3   (3)   administrative motion to extend time to respond to FAC, *see* ECF 65; and

4   (4)   motion to dismiss the second amended complaint ("SAC"), *see* ECF 67.

5   Khan filed seventeen motions during the same period:

6   (1)   motion for leave to proceed *in forma pauperis*, *see* ECF 25;

7   (2)   motion for extension of time to oppose the motion to dismiss the complaint, *see*

8         ECF 28;

9   (3)   amended motion for extension of time to oppose the motion to dismiss the

10        complaint, *see* ECF 30;

11  (4)   motion for extension of time to oppose the motion to dismiss the complaint, *see*

12        ECF 32;

13  (5)   motion to appoint counsel, *see* ECF 34;

14  (6)   motion for leave to amend the complaint, *see* ECF 35;

15  (7)   motion to remand, *see* ECF 37;

16  (8)   motion to submit amended opposition to the motion to dismiss the FAC, *see* ECF

17        47;

18  (9)   motion for extension of time to oppose the motion to dismiss the FAC, *see* ECF 49;

19  (10)  motion for extension of time to oppose the motion to dismiss the FAC, *see* ECF 51;

20  (11)  ex parte motion for extension of time to oppose the motion to dismiss the FAC, *see*

21        ECF 54;

22  (12)  motion to stay proceedings, *see* ECF 60;

23  (13)  motion for extension of time, *see* ECF 62;

24  (14)  motion for extension of time to oppose the motion to dismiss the SAC, *see* ECF 68;

25  (15)  second motion for extension of time to oppose the motion to dismiss the SAC, *see*

26        ECF 70;

27  (16)  motion for leave to file a motion for reconsideration, *see* ECF 72; and

28  (17)  motion for extension of time to oppose the motion to dismiss the SAC, *see* ECF 77.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Following the Court's rulings on those motions, a single claim remains in the operative

2    SAC, Claim 1 for violation of California Labor Code § 1102.5, asserted against SAP.  *See* Order

3    Re Motion to Dismiss SAC, ECF 80.  SAP filed an answer on August 18, 2020.  *See* Answer, ECF

4    84.  The Court issued a scheduling order on September 21, 2020, setting November 20, 2020 as

5    the last date for motions to amend the pleadings pursuant to Federal Rule of Civil Procedure 15.

6    *See* Case Management Scheduling Order, ECF 88.

7    On February 2, 2021 – six months after the pleadings were finally settled and more than

8    two months after the deadline to seek amendment pursuant to Rule 15 – Khan filed the present

9    Motion for Leave, seeking to file a third amended complaint adding a new claim of race

10   discrimination under 42 U.S.C. § 1981.  *See* Motion for Leave, ECF 109.  In opposition, SAP

11   pointed out that Khan had not sought relief from the November 20, 2020 deadline for seeking

12   leave to amend.  *See* Opp. to Motion for Leave, ECF 110.  Khan then filed the present Motion for

13   Relief, arguing that good cause exists to grant relief from the scheduling order under Federal Rule

14   of Civil Procedure 16.  *See* Motion for Relief, ECF 113.  In opposition, SAP argues that Khan has

15   not shown good cause for relief from the scheduling order.

16   **II.     LEGAL STANDARD**

17   "Where, as here, a party seeks leave to amend after the deadline set in the scheduling order

18   has passed, the party's request is judged under Federal Rule of Civil Procedure ('FRCP') 16's

19   'good cause' standard rather than the 'liberal amendment policy' of FRCP 15(a)."  *DRK Photo v.*

20   *McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017) (citation omitted).

21   Rule 16 provides in relevant part that "[a] schedule may be modified only for good cause and with

22   the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The central inquiry under Fed. R. Civ. P. 16(b)(4)

23   is whether the requesting party was diligent in seeking the amendment."  *DRK Photo*, 870 F.3d at

24   989.  "Although the existence or degree of prejudice to the party opposing the modification might

25   supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's

26   reasons for seeking modification."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th

27   Cir. 1992).  "If that party was not diligent, the inquiry should end."  *Id.*

28

3

United States District Court
Northern District of California

1    **III.   DISCUSSION**

2           Khan asserted that he was subjected to discrimination and harassment on the basis of race

3    in his original complaint filed in August 2018.  *See* Not. of Removal, Johnsrud Decl. Exh. 4

4    (Complaint), ECF 1-4.  He asserted race discrimination claims under California's Fair

5    Employment and Housing Act, Cal. Govt. Code Ann. § 12940(h), in his complaint and FAC.  *See*

6    Not. of Removal, Johnsrud Decl. Exh. 4 (Complaint), ECF 1-4; FAC, ECF 59.  Khan now seeks to

7    add a new claim for race discrimination under 42 U.S.C. § 1981, stating that he "recently came

8    across 42 USCS § 1981 through speaking with an employment attorney."  Motion for Leave at 2,

9    ECF 109.  He makes clear that the proposed § 1981 claim is a new "legal theory based on facts

10   already pled."  *See id.* at 1.  Khan asserts in his Motion for Relief that he was diligent in seeking to

11   add a § 1981 claim as soon as he learned of the potential claim from the attorney.  *See* Motion for

12   Relief at 5-6, ECF 113.

13          As SAP correctly argues, "[a]sserting only new legal theories does not amount to diligence

14   under Rule 16."  *Arellano v. T-Mobile USA, Inc.*, No. C 10-05663 WHA, 2012 WL 1496181, at *2

15   (N.D. Cal. Apr. 27, 2012); *see also Hernandez v. Banner Boswell Med. Ctr.*, No. CV-16-04238-

16   PHX-GMS (ESW), 2019 WL 6608778, at *3 (D. Ariz. Dec. 5, 2019) ("[D]istrict court did not

17   abuse its discretion by holding that plaintiff's sole reason for delay in filing motion to amend after

18   deadline set by scheduling order – that she had discovered a new legal theory through additional

19   research – was insufficient to show good cause." (quoting *Stephens v. Georgia Dept. of Transp.*,

20   134 Fed. Appx. 320, 322 (11th Cir. 2005)).  "Ignorance of the law, however, does not constitute

21   good cause."  *Coles v. Eagle*, No. CV 09-00167 LEK-BMK, 2011 WL 13350038, at *2 (D. Haw.

22   Apr. 14, 2011).  Accordingly, the Court finds that Khan's recent discovery of a potential new legal

23   theory based on facts of which he has been aware during the entire litigation does not constitute

24   good cause for relief from the scheduling order under Rule 16.

25          Khan argues that he could not have discovered the existence of § 1981 because his access

26   to the law library and to other resources has been limited.  He submits a declaration describing the

27   various lockdowns and other obstacles imposed by the prison in which he has been housed.  That

28   argument is unpersuasive.  Khan was able to do sufficient research to file the complaint in this

4

1   action, and amend it twice, asserting claims under FEHA, other statutes, and common law.  He

2   likewise was able to file seventeen different motions in the year and a half it took to settle the

3   pleadings following removal of the action.  Accordingly, even accepting Khan's assertions that he

4   was ignorant of § 1981 until recently, and that incarceration has posed challenges to litigation of

5   this suit, the Court does not find good cause to allow Khan to reopen the pleadings six months

6   after SAP answered the operative SAC and months after the deadline for seeking amendment

7   under Rule 15.  "[I]gnorance of the law is not good cause for modification, nor does a moving

8   party's incarcerated, pro se status, constitute good cause." *Lanier v. San Joaquin Valley Offs.*

9   *Ass'n*, No. 1:14-CV-01938-EPG, 2016 WL 4764678, at \*1 (E.D. Cal. Sept. 13, 2016) (quotation

10  marks and citations omitted).

11       Khan's motions are DENIED.

## IV.   ORDER

13       Khan's Motion for Leave (ECF 109) and Motion for Relief (ECF 113) are DENIED.

14

15  Dated:  April 26, 2021

16                                              _____

17                                              BETH LABSON FREEMAN
                                                United States District Judge

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

5