# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SAP LABS, LLC,<br><br>　　　　Defendant. | Case No. 18-cv-07490-BLF<br><br>**ORDER RE PLAINTIFF'S NOTICE/MOTION FOR UPDATE**<br><br>[Re: ECF 120] |

Plaintiff Muhammad Khan has filed a "Notice/Motion for Update," which is a one-page hand-written document addressing several issues. *See* Notice/Motion for Update, ECF 120.

First, Plaintiff advises the Court that he has been moved temporarily to a different facility and requests that any mail be sent to his current address:

> Muhammad Khan
> ECP 265
> 150 W. Hedding Street
> San Jose, CA 95110

Plaintiff previously advised the Court of this temporary address, which is the address of the Santa Clara County Jail, and the Clerk updated Plaintiff's address of record at that time. Accordingly, the Court has been directing all mail to Plaintiff's temporary address at the Santa Clara County Jail.

Second, Plaintiff requests that the Court provide him with prepaid envelopes addressed to the Court. It is not the Court's practice to provide litigants with prepaid envelopes, and Plaintiff has not cited any authority requiring the Court to do so in this case. Accordingly, Plaintiffs' request for prepaid envelopes is DENIED.

1 Third, Plaintiff asks the Court to issue an order requiring the Santa Clara County Jail "to approve proper services and take Khan to a lexus [*sic*] Nexis research computer when needed." Notice/Motion for Update, ECF 120. Plaintiff has not cited, and the Court has not discovered, any legal authority under which this Court could direct the Santa Clara County Jail to provide Plaintiff with Lexis/Nexis access. There is no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Prisoners do have a constitutional right of access to the courts, which may be impacted by limitations on access to a prison law library. *See id.* at 350-51. To establish a violation of the right of access to the courts, a prisoner must establish that he has suffered an actual injury, that is, that "the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id*. at 351; *see also Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (prisoner must show that a nonfrivolous legal claim has been frustrated to make out claim of denial of access to the courts). To the extent Plaintiff wishes to assert a claim against the Santa Clara County Jail for violation of his constitutional right of access to the courts, Plaintiff must file a separate action alleging such claim. Plaintiff's request that this Court order the Santa Clara County Jail to grant him Lexis/Nexis access to litigation this case is DENIED.

Fourth, Plaintiff requests that the Court "send updates" regarding the status of settlement proceedings before Magistrate Judge Illman. The undersigned has no involvement with the settlement proceedings conducted by Magistrate Judge Illman and therefore cannot send Plaintiff updates regarding those proceedings. Plaintiff should direct any motions or requests regarding settlement proceedings to the attention of Magistrate Judge Illman.

**IT IS SO ORDERED.**

Dated: June 22, 2021

_____
BETH LABSON FREEMAN
United States District Judge