UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>        Plaintiff,<br><br>v.<br><br>SAP LABS, LLC,<br><br>        Defendant. | Case No. 18-cv-07490-BLF<br><br>**ORDER RE PLAINTIFF'S REQUEST FOR UPDATE; CLARIFYING THAT PLAINTIFF MUHAMMAD KHAN IS A PRO PER LITIGANT; AND ADDRESSING FURTHER PROCEEDINGS**<br><br>[Re: ECF 125] |

Plaintiff Muhammad Khan ("Khan") requests an update on the status of his case. *See* ECF 125. Specifically, Khan asks for: (1) a ruling on his prior motion for leave to amend his complaint; (2) an order approving his status as a pro per litigant; (3) an order directing that his legal materials be forwarded to him from CTF-Soledad, where he previously was housed, to the Santa Clara County Jail, where he currently is housed; (4) notice that he has injured his arm; and (5) a ruling on his prior motions for relief from the scheduling order and a stay of litigation. *See id.* The Court addresses these issues as follows.

    (1)    The Court denied Khan's motion for leave to amend his complaint in an order dated April 26, 2021. The Clerk SHALL mail him a copy of the order, which is docketed at ECF 117.

    (2)    Khan indicates that he has been denied access to certain services necessary for him to litigate this case because the Santa Clara County Jail has determined that he is not a pro per inmate. In a prior order, the Court denied Khan's request for "proper services"; the Court misread Khan's handwritten request and did not understand that he was asking for "pro per" services. *See*

ECF 121.  The Court now clarifies that <u>Plaintiff Muhammad Khan is proceeding pro per in the present lawsuit</u>.  It appears that Khan may have been moved to the Santa Clara County Jail in connection with state criminal proceedings for which he may be represented by counsel.  However, in the present lawsuit before this Court, <u>Khan is a pro per litigant</u>.

(3) This Court is unaware of any authority that would permit it to order the Bureau of Prisons to transfer Khan's property from one facility to another.  Accordingly, Khan's request for an order directing that his legal materials be sent to him is denied.

(4) The Court accepts Khan's representation that he has injured his arm.

(5) The Court denied Khan's prior motions for relief from the scheduling order and for a stay of litigation in orders April 26, 2021 and May 19, 2021.  The Clerk SHALL mail Khan a copy of those orders, which are docketed at ECF 117 and ECF 119.

With respect to future proceedings in this case, the Court observes that last date to hear dispositive motions is March 24, 2022.  *See* ECF 88.  That means that any motion for summary judgment must be filed on or before February 17, 2022.  The Clerk SHALL mail Khan a copy of the scheduling order, which is docketed at ECF 88.

**ORDER**

(1) The Court clarifies that Plaintiff Muhammad Khan is a pro per litigant in this case.

(2) Khan's prior motions for leave to amend his complaint, for relief from the scheduling order, and for a stay of litigation have been denied.  The Clerk shall mail Khan a copy of the orders ruling on those motions, which are docketed at ECF 117 and 119.

(3) Any motion for summary judgment must be filed by February 17, 2022.  The Clerk shall mail Khan a copy of the scheduling order in this case, which is docketed at ECF 88.

Dated:  November 3, 2021

                                        BETH LABSON FREEMAN
                                        United States District Judge