**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SAP LABS, LLC,<br><br>　　　　　Defendant. | Case No. 18-cv-07490-BLF<br><br>**ORDER RE FIVE DOCUMENTS FILED BY PLAINTIFF**<br><br>[Re: ECF 147, 148, 149, 150, 151] |

　　　　Plaintiff Muhammad Khan ("Khan") filed this *pro se* employment discrimination action against his former employer SAP Labs, LLC ("SAP"), his former manager Sanjay Shirole ("Shirole"), and other SAP employees while serving a prison term for arson. Khan was convicted of setting fire to Shirole's home while Shirole and his family were asleep inside, and was sentenced to a total term of nine years – a five-year term on the arson and a four-year enhancement for using a device designed to accelerate the fire. *See People v. Khan*, No. H045524, 2020 WL 6042100, at *1 (Cal. Ct. App. Oct. 13, 2020).

　　　　This order addresses five documents filed by Khan in which he seeks various forms of relief, including an extension of time to oppose SAP's pending motion for summary judgment, oral argument on SAP's judgment motion, a stay of litigation, and enforcement of a consent decree. *See* ECF 147, 148, 149, 150, 151.[1] SAP filed opposition on May 17, 2022. For the reasons discussed below, the relief requested by Khan is DENIED.

---

[1] Khan resubmitted copies of these five documents, docketed at ECF 154 on May 19, 2022, expressing concern that the Court may not have received them previously. The copies docketed at ECF 154 are identical to the documents docketed at ECF 147, 148, 149, 150, and 151, discussed below.

*Status of State Court Criminal Proceedings*

Khan's arson conviction has been conditionally reversed and his criminal case has been remanded to the state trial court to determine whether he is eligible for mental health pretrial diversion under a statute that took effect after his conviction. *See People v. Khan*, No. H045524, 2020 WL 6042100, at *14 (Cal. Ct. App. Oct. 13, 2020). If the trial court finds that Khan suffers from a mental disorder, does not pose an unreasonable risk of danger to public safety, and otherwise meets six statutory criteria, the trial court may grant diversion. *See id.* If the trial court does not grant diversion, Khan's conviction and sentence will be reinstated. *See id.* In April 2021, Khan was moved from Correctional Training Facility – Soledad to the Santa Clara County Jail, where he currently is housed, presumably in connection with the state court criminal proceedings. *See* Pl.'s Ex Parte Notice, ECF 118.

*SAP's Motion for Summary Judgment and First Extension of Khan's Deadline to Oppose*

On January 14, 2022, SAP filed a motion for summary judgment on the only claim remaining in the action, a whistleblower retaliation claim under California Labor Code § 1102.5. *See* Def.'s MSJ, ECF 127. SAP anticipated that Khan would request an extension of time to oppose summary judgment, and on that basis SAP filed an administrative motion seeking a preemptive modification of the briefing schedule to give Khan more time. *See* Def.'s Admin. Mot., ECF 128. The Court granted SAP's administrative motion and extended Khan's deadline to file opposition to SAP's summary judgment motion to February 18, 2022. *See* Order, ECF 130.

*Denial of Khan's Rule 56(d) Motion and Second Extension of Khan's Deadline to Oppose*

Instead of filing opposition, Khan submitted seven documents to the Court, signed and dated between January 8, 2022 and February 15, 2022. *See* ECF 131, 132, 133, 134, 135, 136, 137. The Clerk entered the documents on the docket on March 1, 2022 and the Court issued an order addressing them on March 2, 2022. *See* Order, ECF 138. The Court construed the documents collectively to be a request for a further extension of time to oppose summary judgment pursuant to Federal Rule of Civil Procedure 56(d). *See id.* at 2. That rule provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow

time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

The Court determined that Khan had not shown that a continuance under Rule 56(d) was warranted. *See* Order, ECF 138.  While Khan asserted that he could not oppose summary judgment without access to certain documents not in his possession and without taking discovery, Khan did not identify any particular documents or discovery that he needed. *See id.* at 3.  Khan admittedly had received SAP's motion for summary judgment, which includes numerous documents relating to Khan's § 1102.5 claim. *See id.*  In that claim, Khan alleges that SAP placed him on unpaid leave in retaliation for making an internal complaint about his manager, Shirole.  SAP seeks summary judgment based on Khan's admission in a sworn statement that it was his physician, not SAP, who placed him on leave.  SAP also argues that Khan's retaliation claim is defeated by the relevant employment records.  Khan's sworn statement and employment records are attached to SAP's motion.  Khan did not identify what other documents, discovery, or legal research was necessary to oppose summary judgment. *See* Order at 3, ECF 138.  The Court therefore denied his motion for a continuance under Rule 56(d). *See id.*

While the Court found that Khan had not established a basis for a continuance under Rule 56(d), the Court extended Khan's deadline an additional fourteen days from the date of the order, until March 16, 2022. *See id.*  The Court granted that extension so that Khan would be informed of the denial of his request for a continuance and would have an opportunity to submit opposition to SAP's summary judgment motion. *See id.*

*Third and Final Extension of Khan's Deadline to Oppose Summary Judgment*

Khan responded with a document titled "Preliminary Reply to March 2, 2022 Order," dated March 16, 2022 and filed on March 22, 2022. *See* Pl.'s Prelim. Reply, ECF 139.  Khan represented that he had not received the Court's prior order setting a deadline of March 16, 2022 to oppose summary judgment until March 15, 2022. *See id.*  Khan stated that he would inform the Court at a future date what discovery and case law he needed and would submit a "rough opposition" to Defendant's summary judgment motion. *See id.*  SAP filed a response pointing out that the Court previously determined that Khan had not established a basis for extending his opposition deadline

3

under Rule 56(d) and asking that the Court deny any further extension of Khan's filing deadline. *See* Def.'s Response, ECF 140. The Court agreed with SAP's argument, but granted Khan a final extension of an additional fourteen days to oppose summary judgment in light of his representation regarding the delay in transmission of the Court's prior order. *See* Order, ECF 141.

*Denial of Khan's Requests for Additional Extensions of his Deadline to Oppose*

After granting three extensions of Khan's opposition deadline, the Court denied his request for a fourth extension in an order dated April 18, 2022, stating as follows:

> . . . Plaintiff states that he needs time to review documents that will be produced in his criminal case. He asserts that without the expected documents, he will have to rely on Defendant's exhibits, which Plaintiff says are missing emails and are redacted. As noted above, the Court has denied Plaintiff's request for a continuance under Rule 56(d). To the extent Plaintiff is attempting to make a new Rule 56(d) request, he has not explained why the documents from his criminal case are necessary to oppose Defendant's motion in this civil case, what emails are missing from Defendant's exhibits, or how the limited redactions to Defendant's exhibits hamper him from filing an opposition.

Order at 2, ECF 144. The Court noted that despite being granted several opportunities to file opposition to SAP's summary judgment motion, Khan instead "filed numerous other documents and requested extensions of his opposition deadline without showing an adequate basis for such extensions." *Id*. The Court found that "granting any further extensions would prejudice Defendant and drag out resolution of this four-year-old case." *Id*.

On April 25, 2022, the Court denied yet another request for extension of Khan's filing deadline, stating that:

> Plaintiff has received multiple extensions of time to file opposition to Defendant's summary judgment motion and has not shown good cause for a further extension of time. To the extent Plaintiff requests judicial notice of the fact that he is expecting to receive documents from his criminal case, he has not explained why documents from his criminal case are necessary to oppose Defendant's motion for summary judgment in this civil case.

Order at 1, ECF 146.

*Khan's Current Requests for Relief, Including an Extension of Deadline to Oppose*

Khan has filed five more documents seeking various forms of relief, including an extension of his deadline to oppose summary judgment. *See* ECF 147, 148, 149, 150, 151. SAP filed opposition on May 17, 2022.

4

Before addressing Khan's current requests for relief, below, the Court makes an observation about Khan's repeated statements that he needs discovery to oppose SAP's motion for summary judgment. As noted herein, Khan has not satisfied the requirements of Rule 56(d) for obtaining a continuance of the summary judgment motion, in part because he has not identified what discovery he wishes to take or why discovery is necessary to oppose summary judgment. Even had Khan satisfied the requirements of Rule 56(d), which he has not, he would face the additional hurdle that both fact discovery and expert discovery closed on September 17, 2021. *See* Case Management Scheduling Order, ECF 88. In order to reopen discovery, Khan would have to demonstrate that there is good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b)(4), which in turn would require a showing of diligence on Khan's part. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The pleadings in this case were settled when SAP answered on August 18, 2020, and the Court issued the governing scheduling order on September 21, 2020. *See* Answer, ECF 84; Case Management Scheduling Order, ECF 88. Under these circumstances, it would be difficult for Khan to establish the requisite diligence, and Khan has not even attempted to do so.

Turning to Khan's current requests, the Court finds as follows:

*(1) Petition to Enforce Archer Stipulation, for Contempt, and for Stay (ECF 147)*

Khan asks this Court to "schedule a hearing, initiate contempt proceedings, and otherwise enforce a consent decree to provide Plaintiff Pro Per services pursuant to People v. Leo Archer No. 167679, Amended Stipulation." Petition at 1, ECF 147. According to Khan, the "Archer Stipulation" entitles him to civil pro per services while housed at the Santa Clara County Jail. *Id.* Khan states that he has attempted to obtain pro per services and been denied such services on multiple occasions. *See id.* at 2. Khan asserts that "Per Archer, Petitions or Motions shall be forwarded to the supervising Judge and a hearing set no later than 72 hours." *Id.* He attempted to enforce the "Archer Stipulation" in the Santa Clara County Superior Court on two occasions, but was denied relief by two Superior Court judges. *Id.* Khan now brings a motion for relief before this Court. *See id.* at 3. He requests that this Court "STAY ALL CASES" for which he needs pro per services. *Id.*

This Court is unfamiliar with the "Archer Stipulation" to which Khan refers, and he has not provided a copy of it. Based on Plaintiff's petition, it does not appear that this Court has authority to grant the relief that was denied by the Superior Court. Even if this Court did have such authority, Khan has not identified what pro per services he needs with respect to this case. The Court has taken SAP's motion for summary judgment under submission for decision, Khan did not file a timely opposition, and no further briefing from Khan is required or permitted.

Khan's petition is DENIED.

*(2) Ex Parte Notice to Court of Hardship (ECF 148)*

Khan has filed a notice advising the Court that he has been assisting his family in making arrangements for his father, who is receiving end of life treatment. *See* Ex Parte Notice, ECF 148. The Court is sympathetic to Khan and his family during this difficult time. However, no further briefing from Khan is required or permitted.

Accordingly, any requested relief based on the notice of hardship is DENIED.

*(3) Request for Oral Argument/MSJ Hearing (ECF 149)*

Khan requests oral argument on SAP's summary judgment motion. The Court has determined that SAP's motion is appropriate for decision without oral argument. *See* Order at 3, ECF 138. Khan has not identified any factual or legal basis for reconsideration of that determination. The Court's ruling on SAP's motion for summary judgment will be issued simultaneously with this order.

The request for oral argument is DENIED.

*(4) Reply to Opposition to Motion for Extension of Time (ECF 150)*

Khan has filed a reply (ECF 150) in support of his prior motion (ECF 142) for a fourth extension of time to oppose summary judgment, which was denied by the Court in an order filed April 18, 2022 (ECF 144). Khan's prior motion for a fourth extension of time was governed by Civil Local Rule 6-3, which applies to motions to change time. *See* Civ. L.R. 6-3. Rule 6-3 does not provide for the filing of a reply. *See* Civ. L.R. 6-3(d). The Court did not authorize Khan to file a reply. In fact, the Court already ruled on Khan's motion for extension of his deadline, and denied that motion.

6

Khan's unauthorized reply is STRICKEN.

*(5) Supplemental Declaration in Support of Reply (ECF 151)*

Khan has filed a supplemental declaration in support of the unauthorized reply discussed above. The Court has stricken the unauthorized reply and will strike the unauthorized supplemental declaration for the same reasons.

Khan's unauthorized supplemental declaration is STRICKEN.

**ORDER**

In summary, the Court HEREBY ORDERS the following:

(1) Khan's petition to enforce the "Archer Stipulation," for contempt sanctions, and for a stay of litigation (ECF 147) is DENIED.

(2) Any request for relief based on Khan's ex parte notice of hardship (ECF 148) is DENIED.

(3) Khan's request for oral argument (ECF 149) on SAP's summary judgment motion is DENIED.

(4) Khan's unauthorized reply (ECF 150) is STRICKEN.

(5) Khan's unauthorized supplemental declaration (ECF 151) is STRICKEN.

Dated: May 20, 2022

_____
BETH LABSON FREEMAN
United States District Judge