UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MUHAMMAD KHAN,<br><br>        Plaintiff,<br><br>   v.<br><br>SAP LABS, LLC; JENNY LE; and SANJAY SHIROLE,<br><br>        Defendants. | Case No.  18-cv-07490-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**<br><br>[Re: ECF 181] |

## I.  INTRODUCTION

Plaintiff Muhammad Khan ("Khan") moves to alter or amend the August 30, 2022 judgment entered for Defendants SAP Labs, LLC ("SAP"), Sanjay Shirole ("Shirole"), and Jenny Le ("Le").  Khan claimed that he was subjected to discrimination, harassment, retaliation, and other unlawful treatment while employed by SAP and supervised by Shirole.  Motion practice took several years, in part because Khan filed and litigated this action from prison after being convicted of arson, specifically, setting fire to Shirole's home while Shirole and his family were inside. Khan requested and was granted numerous filing extensions based on his status as a *pro se* and incarcerated litigant.  Ultimately, the Court dismissed all but one of Khan's claims on the merits and granted summary judgment on the remaining claim, which was asserted against SAP.  The Court initially granted summary judgment for SAP on May 20, 2022 ("Vacated MSJ Order"), but it later vacated that order based on Khan's assertion that he was not given an adequate opportunity to oppose SAP's motion.  After considering multiple late-filed submissions by Khan, the Court once again granted summary judgment for SAP on August 30, 2022 ("Final MSJ Order").  The Court entered judgment for Defendants SAP, Shirole, and Le on August 30, 2022.

Khan now seeks reconsideration of the Final MSJ Order and relief from judgment pursuant to Federal Rules of Civil Procedure 59(e) and 60. SAP opposes the motion, which has been fully briefed. The Court finds the motion suitable for determination without oral argument. *See* Civ. L.R. 7-1(b).

The motion is DENIED for the reasons discussed below.

## II. MOTION FOR RELIEF UNDER RULE 59(e)

### A. Legal Standard

Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend judgment within 28 days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "A district court generally should not grant a Rule 59(e) motion in the absence of newly discovered evidence, clear error, or an intervening change in the controlling law." *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, 979 F.3d 1209, 1218 (9th Cir. 2020) (internal quotation marks and citation omitted).

### B. Discussion

Khan does not assert the existence of newly discovered evidence or an intervening change in controlling law. Instead, he asserts numerous procedural and substantive errors by the Court. SAP argues that Khan has not identified any clear error by the Court that would entitle him to relief. SAP also argues that Khan's motion is untimely and that as a result the Court lacks authority to grant relief under Rule 59(e). Khan in turn argues that SAP's opposition is untimely and should not be considered. The Court first addresses the timeliness of Khan's motion, then the timeliness of SAP's opposition, and finally the merits of the motion.

#### 1. Khan's Motion is Timely

SAP argues that Khan's motion is untimely because it was filed more than 28 days after entry of judgment. Judgment was entered on August 30, 2022. *See* Jud., ECF 179. Khan's motion was postmarked on October 4, 2022 (35 days after entry of judgment), and filed on

October 6, 2022 (37 days after entry of judgment). *See* Mot., ECF 181. Under these circumstances, SAP argues, the Court lacks authority to consider the motion. *See Carter v. United States*, 973 F.2d 1479, 1488 (9th Cir. 1992) ("[T]he district court has no discretion to consider a late rule 59(e) motion.").

SAP ignores the mailbox rule, under which a prisoner is deemed to have filed a document "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing mailbox rule for prisoner's filing of appeal); *see also Douglas v. Noelle*, 567 F.3d 1103, 1108-09 (9th Cir. 2009) (extending *Houston* mailbox rule to prisoner's filing of complaint in § 1983 action). The proof of service attached to Khan's motion states that Khan gave the motion to jail officials for mailing on September 25, 2022, which was 26 days after entry of judgment. *See* Mot. POS. In one of his three replies, Khan states that he handed his motion to jail staff on September 27, 2022, which was 28 days after entry of judgment. *See* Reply, ECF 185. Khan's motion therefore appears to be timely under the mailbox rule and is considered on the merits.

### 2. SAP's Opposition is Untimely but will be Considered

Khan asserts that SAP's opposition is "belated." *See* Reply, ECF 185. The Court agrees that SAP's opposition is untimely. Khan's motion to alter or amend judgment was docketed on October 6, 2022, and SAP received notice on that date through the Court's Electronic Case Filing system. Under this District's Civil Local Rules, SAP's opposition was due within 14 days, by October 20, 2022. *See* Civ. L.R. 7-3(a). SAP's opposition was not filed until November 2, 2022 and therefore is untimely.

The Court observes that when docketing Khan's motion to alter or amend judgment, court staff entered the due date for responses as November 3, 2022, which was 28 days after the motion was docketed instead of the 14 days mandated by the Civil Local Rules. *See* Docket Entry, ECF 181. SAP may have relied on that docket entry when it filed opposition on November 2, 2022. Based on the confusion regarding SAP's deadline to file, the Court accepts SAP's late opposition in the exercise of its discretion. To the extent Khan objects to the SAP's opposition as untimely, that objection is overruled.

3

### 3. Khan does not Establish Clear Error under Rule 59(e)

Khan's motion contains 27 enumerated paragraphs setting forth asserted errors by the Court. Paragraphs 1-4 raise four claimed procedural errors: transmitting Khan's "preemptive" appeal to the Court of Appeals when it was filed, failing to send Khan a copy of the Vacated MSJ Order, failing to grant Khan additional extensions of time, and accepting an oversize reply brief from SAP.

The transmission of Khan's "preemptive" appeal to the Court of Appeals was a ministerial task performed by the Clerk, which Khan has not established was in error. The docket reflects that Khan was served with the Court's Vacated MSJ Order when it issued, but it is irrelevant whether the Vacated MSJ Order actually reached him, as the order had no legal effect once it was vacated and the Court addressed all relevant evidence and arguments in its Final MSJ Order. The Court's decisions not to grant Khan additional extensions of time to brief the summary judgment motion was well within its discretion. Finally, SAP's reply was not oversize, but in any event the Court had discretion to consider it, just as the Court had discretion to accept Khan's late-filed opposition to SAP's motion for summary judgment. None of these asserted procedural errors warrants reconsideration of the Final MSJ Order as requested by Khan.

Paragraphs 5-27 boil down to Khan's disagreement with the Court's determinations regarding the admissibility and materiality of the record evidence. For example, in Paragraphs 12 and 16, Khan complains that the Court improperly relied on his sworn statement in his DFEH complaint that his physician placed him on disability leave from June 1, 2015 to December 1, 2015. Khan argues that the Court erred by admitting that statement into evidence and by failing to credit Khan's declaration statement to the contrary.

The Court devoted several pages of its Final MSJ Order to the admissibility of Khan's statement that his physician placed him on disability leave, and the effect of Khan's conflicting declaration. *See* Final MSJ Order at 12-14. That Khan disagrees with the Court's analysis does not warrant reconsideration, particularly where the Court stated expressly that other evidence submitted by SAP was sufficient to meet SAP's burden on summary judgment even if the statement were excluded. *See id.* at 14.

1    The other paragraphs of Khan's motion similarly dispute the Court's determinations regarding the admissibility and materiality of the record evidence, rehashing arguments previously presented to and rejected by the Court. Having carefully considered all of Khan's asserted grounds for relief, the Court finds that Khan has not established any error by the Court, let alone clear error warranting the "extraordinary remedy" of relief under Rule 59(e).

Khan's motion for relief under Rule 59(e) is DENIED.

### III.   MOTION FOR RELIEF UNDER RULE 60

#### A.   Legal Standard

Under Federal Rule of Civil Procedure 60(b), a court may grant relief from a judgment or order "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (internal quotation marks and citation omitted); *see also* Fed. R. Civ. P. 60(b).

#### B.   Discussion

Khan does not specify which provision or provisions of Rule 60(b) he seeks to apply here. Because none of his arguments could be construed as seeking relief under subsections 1-5, the Court understands Khan to seek relief under subsection 6, which requires a showing of "extraordinary circumstances which would justify relief." For the reasons discussed in section II, above, the Court finds that Khan has failed to make this showing.

The Court has granted Khan repeated continuances in this case to give him every opportunity to oppose Defendants' motions, even going so far as to vacate its first summary judgment order in order to review Khan's late submissions before issuing its final summary judgment order. The Court has made numerous substantive rulings throughout the case, explaining its reasoning in each. At the end of the day, Khan simply disagrees with the Court's rulings. That disagreement does not provide a basis for granting relief from judgment.

Khan's motion for relief under Rule 60(b) is DENIED.

**IV. ORDER**

(1) Plaintiff Khan's motion to alter or amend the judgment is DENIED.

(2) This order terminates ECF 181.

Dated: March 6, 2023

_____
BETH LABSON FREEMAN
United States District Judge